## (October 24, 1968)

■ Jose L. Lanza, Respondent, v. Garco Export, Inc., et al., Appellants, et al., Defendants.— Order, entered May 28, 1968, unanimously modified, on the law, to sever and dismiss all alleged causes of action, although not separately stated and numbered, other than a cause of action, if any exists, to recover upon the alleged agreement for the compromise and settlement of the prior (1960) action brought by plaintiff, with judgment to be entered dismissing such causes of actions upon the merits, and said order otherwise unanimously affirmed, with $50 costs and disbursements to defendants. Excepting any cause of action to recover upon the alleged compromise and settlement agreement, all alleged claims of plaintiff were fully satisfied, released and barred by the terms of the January 12, 1955 contract, and the effect of the same as a complete settlement and release of all claims was ratified by the sworn declaration of plaintiff dated July 17, 1957. The affidavits and proofs submitted by plaintiff fail to raise a bona fide issue of fact either as to the validity and effectiveness of such settlement and release or as to the authenticity of his signature to the 1957 declaration. Furthermore, we conclude that such claims are barred by the applicable Statutes of Limitations. Also, the plaintiff fails to make a prima facie showing that the payments commencing in 1960 were made under "circumstances amounting to an absolute and unqualified acknowledgment" by defendants of the alleged prior indebtedness "from which a promise may be inferred to pay the remainder." (*Crow v. Gleason,* 141 N. Y. 489, 493; *Sweeney v. Gould Paper Co.,* 7 A D 2d 147, 149; *Matter of Fitch,* 270 App. Div. 227, 236, 237.) We do not reach such questions as may arise with relation to a cause of action, if any exists, upon the alleged agreement for the compromise and settlement of the 1960 action other than to hold that such agreement is ineffective to revive the plaintiff's alleged original claims which were settled and released and which were barred by the Statute Of Limitations. Such an agreement, if made, and if supported by a valid consideration, could result in an enforcible settlement and would not be barred by the Statute of Frauds if the obligations of the defendants thereunder could be performed "within one year from the making thereof". (See General Obligations Law, § 5–701, subd. 1.) "A contract of settlement, if valid in itself, is final and is to be sustained by the court without regard to the validity of the original claim." (*Yonkers Fur Dressing Co. v. Royal Ins. Co.,* 247 N. Y. 435, 444.) This motion, made upon specific grounds, pursuant to CPLR 3211(a), does not properly bring before the court the questions as to the existence, terms and validity of the alleged compromise and settlement agreement and, therefore, we should not treat the motion as one for summary judgment generally challenging the cause of action thereon (see CPLR 3211, subd. [c]). Concur — Botein, P. J., Eager, Steuer, Capozzoli and McGivern, JJ.