**IMPERIAL POINT COLONNADES CONDOMINIUM, INC., etc., Plaintiffs,**

v.

**Harry T. MANGURIAN, Jr., et ux., et al., Defendants.**

**No. Fl 75–09–Civ–JLK.**

United States District Court, S. D. Florida.

Feb. 13, 1976.

Spear & Deuschle, Fort Lauderdale, Fla., for plaintiffs.

Becker & Poliakoff, Miami Beach, Fla., for defendants.

## ORDER GRANTING SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the defendants' motion for summary judgment. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted.

Plaintiffs are unit owners in a condominium developed by the defendants. At the time each purchased his or her condominium, each was required to enter into a 99 year lease for recreational facilities. Payment due under this lease could be adjusted to reflect fluctuations in the cost of living. It is undisputed that assignment of a 1/552 interest in the lease was made to Clayton P. Thompson on July 28, 1970, and the assignment of 1/552 interest in the lease was made to William M. Wyant and Virginia Wyant on May 28, 1969, and that these are the only two plaintiffs left in the action. It is alleged that the coupling of the recreation lease with the sale of the condominium unit constitutes an illegal tying arrangement in violation of both the Clayton Act and the Sherman Act.

Defendants move for summary judgment, contending that the four year limitation period of 15 U.S.C. § 15b bars the present action. At issue is whether the defendants' enforcement of the lease constitutes a continuing violation of the antitrust laws and so exempts the cause from the limitation period. Defendants submit that any effect that the disputed leases might have had was final on the date said leases were entered into. Given the nature of the violation alleged, the court agrees.

This decision is controlled by the applicable Fifth Circuit and Supreme Court authority. The principle of a continuing violation is set forth in *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968). In that case United had a policy of leasing rather than selling its more complicated machinery. This continued refusal to sell helped United in its monopolization of the shoe machinery market. United argued that because the first refusal to sell was in 1912, the action was barred by the Statute of Limitations. The Supreme Court found that the Court of Appeals had correctly decided the question. The Third Circuit held that, even though the first refusal to deal occurred outside the limitations period, damages could be had for reiterations of such a refusal to deal within the statutory period. *Hanover Shoe v. United Shoe Machinery Corp.*, 377 F.2d 776, 794–795 (3d Cir. 1967). In approving this decision, the Supreme Court stated, "we are not dealing with a violation which, if it occurs at all, must occur

872

within some specific and limited time span . . . (r)ather we are dealing with conduct which constituted a continuing violation of the Sherman Act". 392 U.S. 502, at 15, 88 S.Ct. at 2236. Thus the "continuing violation" was predicated on a finding of a continuous course of conduct by United consisting of repeated refusals to sell. There was not an isolated incident, but separate invasions of Hanover's rights occurring both within and without the statutory period. 377 F.2d 795.

The case at bar presents a different situation. Here there was one isolated transaction by the defendants. Each unit owner, upon purchase, took an assignment of interest in the recreation lease. All parties were apprised of all conditions at that point. No new leases, purchases, or contracts have been entered into since that time by these plaintiffs. Given these facts, whatever violation might have occurred, occurred at a specific time.

This issue has been recently discussed in the case of *Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117 (5th Cir. 1975), where the Fifth Circuit made it clear that it was possible to assert a continuing antitrust violation based on a course of conduct. The court specifically was interested in the *defendant's conduct*, and not the plaintiff's harm, in considering whether the violation was "final at its impact". *Id.* at 126. Where the actionable wrong was "by its nature permanent at initiation" suit must be brought within the four year period. *Id.* Once again the emphasis was on repetitive acts which constituted new violations within the statutory period.

■ Plaintiffs have alleged an illegal tying arrangement. The tie-in, if it occurred, was the assignment of the lease. No party has alleged that it was required to take a new assignment and so make a new "purchase" within the statutory period. The purported violation was then "final at its impact" and "permanent at its initiation" because no further act by the defendants was necessary to inflict the damage here complained of. Whatever cause of action these plaintiffs might have had, accrued at the signing of the lease, and the limitations period began to run at that time. The positions of the parties have not changed.

■ Plaintiffs submit that the defendants continued enforcement of the provisions of the lease are "acts" and established a course of conduct. The court does not agree. The fact that these plaintiffs are still obligated to pay rent pursuant to an action taken five and six years ago, respectively, is merely the "abatable but unabated inertial consequences of some pre-limitations action." *Poster Exchange, Inc. v. National Screen Service Corp.*, supra, at 128. There has been no injurious act by the defendants within the limitations period upon which to base a charge of an illegal tying arrangement.

The court notes that to hold otherwise would not encourage the vigorous enforcement of the antitrust laws through private actions. If it were held that these plaintiffs had 99 years to assert their claims, then any plaintiff could sit on his rights, allowing damages to accumulate. Given the provision for treble damages in antitrust actions, this would indeed be a tempting proposition.

■ Plaintiff knew on the date they purchased their units that they were also entering into a recreation lease. The statutes gave them four years to assert the claims that they now bring before this court. They failed to question the validity of the arrangement within the statutory period and so their claims must be foreclosed due to their own inaction. Accordingly, it is

Ordered and adjudged that the defendants' motion for summary judgment be and the same is hereby granted.