John D. Bennett, S.
In this removal proceeding the administratrix moves for a bill of particulars and an order vacating a notice to examine her or, in the alternative, modifying the same so as to schedule it for a time not less than 15 days subsequent to the service of a bill of particulars in compliance with her first motion.
Although generally this court has allowed a party to conduct an examination before trial before being required to file a bill of particulars, this general rule is by no means inflexible and *549 “ [t]lie deferring of the service of a hill of particulars until the conclusion of an examination before trial is a matter of discretion depending upon the particular facts in each case ” (Tripp, Motion Practice, Cum. Supp. 1949-1955, § 48, p. 105). The two general theories on the subject, one that a prior examination will more readily permit a party to furnish an accurate, complete and comprehensive bill of particulars (Lustig v. Longchamps, Inc., 279 App. Div. 928), and the other that until the service of the bill of particulars, the material issues upon which the examination is to proceed are not known (Zecchini v. Mayer, 195 App. Div. 423), should accordingly give way to the individual set of facts before the court.
Here the petitioner seeks to revoke the letters of the administratrix because of an alleged false statement in the petition to the effect that the decedent left no surviving spouse when, in fact, petitioner claims to be such surviving spouse.
The petitioner contends that the knowledge of the administratrix as to the alleged falsity is relative and accordingly an examination as to her knowledge should precede the service of a bill of particulars by her. It is, however, well settled that a false statement in a petition for letters as to kinship is nevertheless false although honestly made (Kerr v. Kerr, 41 N. Y. 272, 276; Matter of Rathyen, 115 App. Div. 644; Matter of Gaffney, 141 Misc. 453). Consequently, the only issue before the court is whether, in fact, the petitioner is the surviving spouse of the decedent. The petitioner here does not disclaim knowledge of any of the particulars sought and it is apparent that she and not the respondent is in possession of the facts which would establish her status as the alleged widow. Under these circumstances, the motion to vacate is granted to the extent of modifying the time scheduled for such examination to 15 days subsequent to the service of a bill of particulars in accordance with the order to be submitted hereon. The motion for a bill of particulars is denied as to item “ C (2) (b) ” in that it improperly seeks the names of the witnesses, and the motion is otherwise granted.