(June 4, 1970)

■ REDISCOUNT CORPORATION OF AMERICA, Appellant-Respondent, v. ANTHONY D. DUKE et al., Respondents-Appellants, and PETER D. MURRAY, Respondent, et al., Defendants.

APPEAL from an order of the Supreme Court, New York County, entered July 29, 1969, which denied a motion by plaintiff for summary judgment and denied cross motions by defendants-respondents-appellants for summary judgment.

MEMORANDUM BY THE COURT. Order entered July 29, 1969, affirmed, with $50 costs and disbursements to defendants-respondents appearing herein. We predicate our affirmance on the ground that the record discloses issues of fact precluding the granting of summary judgment and we do not reach the question of whether or not CPLR 3213 is procedurally available under the circumstances here so as to authorize the making of a motion in advance of the service of a complaint. (Cf. *Holmes* v. *Allstate Ins.*, 33 A D 2d 96; *Goodman* v. *Solow*, 27 A D 2d 920.) As reiterated by the Court of Appeals in an action upon written agreements of guarantee involving some of the parties to this action, the general rule is that "the 'drastic remedy' of summary judgment should not be granted where there is any doubt as to the existence 'of [factual] issues'" (*Millerton Agway Coop.* v. *Briarcliff Farms*, 17 N Y 2d 57, 61). "This drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is 'arguable'." (*Glick & Dolleck* v. *Tri-Pac Export Corp.*, 22 N Y 2d 439, 441.)

Issues of fact discernible in the record include those arising from defendant's allegations of advances by plaintiff to the principal debtor corporation in violation of the terms of the collateral loan agreement that plaintiff would limit its advances to the corporation to 80% of the unpaid accounts receivable assigned to it. Other arguable issues derive from defendants' allegations that plaintiff took control of the corporation and, while in control, improvidently managed its affairs whereby the collateral was dissipated and destroyed.

The alleged defense, grounded on the Statute of Limitations, also presents an arguable basis for factual issues. There is evidence that the plaintiff's action is based upon a cause of action which accrued in the District of Columbia and, inasmuch as plaintiff is not a resident of New York, CPLR 202 may apply to bar the action. Although CPLR 202 would not apply where the contract sued on specifically designated an applicable statute of limitations (see *Baker* v. *Commercial Travelers Assn.*, 3 A D 2d 265, 266), here, the general provision in the collateral loan agreement calling for governance by the laws of Virginia in proceedings concerning the "validity, interpretation, enforcement and effect" of the agreement does not indicate that clear intent necessary, irrespective of circumstances, to bind the parties to the Virginia Statute of Limitations. (See *Dorff* v. *Taya*, 194 App. Div. 278.)

Furthermore, there is concededly an issue as to whether the books of the plaintiff were approved by the principal debtor and thereby constitute conclusive evidence as to the balance of the debtor's account. There also exist the disputed claims of the defendants to certain credits against the account. We have noted plaintiff's contention that the issues involving what may be owing by the debtor could be resolved on an assessment of damages but, certainly, these issues, as the principal issues of this action, are so related to the primary question of liability on the collateral guaranties, that summary judgment would be inappropriate. In this case where complicated issues relative to the amount due may entail extensive pretrial proceedings and the trial itself may require considerable court time, "The relief afforded by summary judgment is ⁕ ⁕ ⁕ illusory. No time or effort of either the court or the litigants is spared by resort to it." (*Youssoupoff* v. *Columbia Broadcasting System* [concurring op. STEUER, J.], 19 A D 2d 865, 866; see, also, *Schwartz* v. *New England Mut. Life Ins. Co. of Boston*, 20 A D 2d 688; *Harold Ohringer, Inc.* v. *Kass*, 28 A D 2d 1117.)

Finally, we conclude that, under the circumstances here, a proper record for the determination of the rights of the parties, in the interests of justice, requires pleading statements of the respective claims of the parties and the usual opportunity for pretrial proceedings.

STEUER, J. (dissenting). The initial question on this appeal is procedural, namely, whether the procedure provided for in CPLR 3213 is appropriate. The action is upon guaranties signed by the defendants herein. CPLR 3213 is applicable to any action "based upon an instrument for the payment of money only". An unconditional guaranty is such an instrument (*Seaman-Andwall Corp.* v. *Wright Mach. Corp.*, 31 A D 2d 136; *Rhodia, Inc.* v. *Steel*, 32 A D 2d 753). There seems to be a lurking doubt that where the right of recovery requires proof dehors the instrument itself or where defenses raise collateral questions the procedure is interdicted. But such is not the law (*Louis Sherry Ice Cream Co.* v. *Kroggel*, 42 Misc 2d 21).

This being a proper case for proceeding by way of summary judgment in advance of pleading, it remains to be determined whether a case for summary judgment is made out. The several guarantees are conceded. They guarantee without condition the prompt payment of any and all indebtedness of B. C. G.

Films, Inc., to the plaintiff which existed at the time of execution or which might accrue thereafter up until the time that the respective guarantor gave notice. Prima facie proof of such indebtedness was given. Nothing further being required to make out a case, it becomes incumbent on defendants to show that there is some defense or factual issue in regard to the same.

The first claim of a defense is that originally, when plaintiff and the debtor started doing business, the plaintiff was acting as a factor making advances to the debtor against certain collateral, and that this was the relationship when the guarantees were executed. Later the course of business changed to the plaintiff making unsecured advances to the debtor. No issue is presented by these facts. There is nothing in the instruments which limits the nature of the indebtedness guaranteed or confines it to any particular kind of advance. The moving defendants seek to buttress this fallacious contention by pointing out that their guarantees do not contain the words "absolute" or "unconditional". It is not what the instruments do not contain that is significant, it is what they do. One of the defendants (Duke) asserts an oral limitation to his guarantee to this effect. Quite clearly this raises no issue.

The next matter raised in defense is that shortly after May 5, 1965, plaintiff took steps to realize on the collateral put up by the debtor. This prevented the debtor or any one else from selling the films which constituted the debtor's assets. There is no claim that in so doing plaintiff did anything that it was not authorized to do by virtue of its agreements with the debtor, or that it thereby violated any provision of the guarantees.

It is claimed that the action is barred by limitations. The particular statute is that of the District of Columbia. The guarantees provide that they are to be governed by the laws of Virginia. The guarantees were executed in New York by the guarantors and in Virginia by the plaintiff. It is claimed that they were performable in Washington. Obviously the only performance involved was payment. Demands for payment were issued from Washington by mail directed to New York. The demands clearly contemplated payment by check from New York. Obviously payment could be made at any place where the creditor could be found. As the creditor's home office is in Virginia, payment, and hence performance, could be had there. Under the grouping of contacts theory, the guarantees are governed by the substantive law of either New York or Virginia (see *Auten* v. *Auten*, 308 N. Y. 155). If New York law governs, the New York Statute of Limitations applies (CPLR 201). If Virginia law governs, the nonresident plaintiff is limited to the shorter of either the Virginia or New York period of limitation (CPLR 302; *Baker* v. *Cohn*, 266 App. Div. 236). No grounds for the application of the District of Columbia statute exist.

Lastly, attention is called to a provision in the guarantees that the books of the plaintiff shall be conclusive evidence of the facts recorded in them, provided they are acknowledged by the debtor. The debtor has made no such concession. Somehow it is contended that, because plaintiff's books are not thereby conclusive evidence, the book entries are no evidence at all. There is no challenge to any specific entry. There is, however, an argument that defendants were not personally acquainted with the transactions involved. While the relationships of the defendants to the debtor raise some doubt as to the complete frankness of this contention, an issue has been raised. However, this issue goes to the question of the amount of the indebtedness of the debtor only. As to that an assessment should be ordered.

The order entered July 29, 1969, should be modified on the law to grant summary judgment to plaintiff and direct an assessment of the damages.

Stevens, P. J., Eager, McNally and Tilzer, JJ., concur in memorandum; Steuer, J., dissents in opinion.

Order entered July 29, 1969 affirmed, etc.