OPINION OF THE COURT
Bertram R. Gelfand, S.
This is a motion by the administrator seeking summary judgment dismissing a proceeding in which proceeding the petitioner seeks, pursuant to SCPA 711, to revoke letters of administration issued to movant on January 10, 1962.
Decedent died November 21, 1961. Petitioner in this proceeding is a niece and distributee of decedent under the law applicable on the date of decedent’s death (Decedent Estate Law, § 83). This proceeding was instituted on January 19, 1978. The basis for the relief sought is an allegation that respondent obtained his letters of administration by the misstatement of a material fact in the petition filed on January 10, 1962 seeking such letters. It is alleged that respondent’s statement in that petition that he was decedent’s spouse was false and that he was not in fact married to decedent.
Movant contends that summary judgment should be granted dismissing the petition to revoke his letters on the grounds that it is barred by the Statute of Limitations, the doctrine of laches, estoppel by dint of "unclean hands” and the existence of a general release from petitioner to movant with reference to her interest in the estate. It is further contended in support of the application for summary judgment that the information upon which petitioner in the revocation proceeding bases her application was obtained, in breach of the attorney-client privilege, from an attorney who previously represented movant.
It is appropriate to first address the question of whether the proceeding to revoke the letters of administration is barred by the Statute of Limitations since, if movant is correct on this issue, it would not be necessary to reach any of the other questions presented. It is contended by the movant that the proceeding brought on to revoke his letters of administration is a cause of action in fraud and is accordingly governed by a six-year Statute of Limitations except to the extent it may be extended for an additional two years pursuant to the provisions of CPLR 203 (subd [f]) (CPLR 213, subd 8).
It is concluded that the proceeding at issue is not one in *252 fraud, but for relief pursuant to a specifically created statutory remedy (SCPA 711, subd 4). Although in support of the relief some of the proof which may be presented would be similar to that which would be adduced in an action for fraud or constructive fraud, that does not make a proceeding to revoke letters of administration pursuant to SCPA 711 (subd 4) a common-law action for fraud. In fact, if a representation is shown to be false, the letters of a fiduciary may be revoked regardless of whether the misrepresentation was made innocently, or in good faith. (Kerr v Kerr, 41 NY 272, 276; Rayson v Gabbey, 57 AD2d, 437, 443; Matter of Barasch, 32 Misc 2d 548.) The reason for this rule is that in revoking letters of a fiduciary, the court is carrying out its responsibility to have the proper person administer the estate. The thrust of a proceeding to revoke is not to punish the fiduciary as an individual, but to protect the estate (Metropolitan Trust Co. of City of N. Y. v Stallo, 166 App Div 639, 645; Matter of Burr, 118 App Div 482, 485). Accordingly, CPLR 213 (subd 8) governing actions in fraud does not apply to this proceeding.
This leads to the question of whether there is any other statutory time bar on a proceeding to revoke letters. Limitations on the prosecution of actions exist only to the extent that they are specifically created by statute. (People ex rel. Schick v Marvin, 249 App Div 293, 297; Matter of State Labor Relations Bd. v Wyckoff Hgts. Hosp., 59 Misc 2d 284, 289.) The SCPA does not contain any time limitation on the prosecution of an application for relief pursuant to SCPA 711. Accordingly, if any such limit exists it must be found in the CPLR (SCPA 102).
The only statutory limitation which might possibly be herein applicable is the omnibus language of CPLR 213 (subd 1) which provides that all actions for which no other specific limitations are provided are governed by a six-year Statute of Limitations. This section has been held to apply in proceedings to compel an account pursuant to SCPA 2205 (Matter of Barabash, 31 NY2d 76).
In determining whether CPLR 213 (subd 1) bars the instant revocation proceeding, an examination must be made of the nature of letters of administration. Letters of administration are an authority issued by the court to a fiduciary which authority continues until terminated by revocation or otherwise. This grant of authority confers upon the fiduciary exclusive and continuing power with reference to the administra *253 tion of the estate (SCPA 703). The fiduciary’s authority is always subject to close scrutiny by the court issuing his letters. The scope of this continuing scrutiny is embodied in the express statutory authority stated in SCPA 719 (subd 10) which allows the court on its own initiative to revoke letters of administration, ”[w]here any of the facts provided in 711 are brought to the attention of the court.” This statutory scheme suggests an intent on the part of the Legislature never to circumscribe a court in revoking a fiduciary’s authority where the circumstances justify such action. Clearly, if the court may always revoke letters based upon facts being presented to it even informally, it was not intended that as a matter of law, a time limit be placed when the same information could be presented in a formal proceeding. A contrary finding would require concluding that it was the intent of the Legislature that a court, after a period of time, is not able to dismiss a fiduciary who has wrongfully obtained his authority, who may possibly have no interest in the estate, who might possibly possess no status justifying his appointment, or who may have committed grossly improper acts at some early point of a prolonged administration.
Also, pertinent to determining if the proceeding is time-barred pursuant to CPLR 213 (subd 1) is that with reference to status it would not be feasible to fix a time from which a Statute of Limitations commences to run. In this case decedent’s niece contends that the movant is not entitled to letters because he was not the husband of decedent. This lack of status is not an event which occurred at a given time from which any limitation could be measured. It is an ongoing circumstance. Either movant had status entitling him to act as a fiduciary at all times or his status is deficient as a matter of law on an ongoing basis right up to the present time.
It is noted that laches is recognized as a defense to an application to revoke a fiduciary’s letters (see Matter of De Belardino, 77 Misc 2d 253; Matter of Glaser, 160 Misc 814; Matter of Gori, 129 Misc 541). No reported case discusses any Statute of Limitations. A frequently cited commentator concludes that there is no limitation on an action to revoke letters but such a proceeding is always subject to the defense of laches. (2 Warren’s Heaton, Surrogates’ Courts, § 132, subd 2, par [g].) The court joins in this conclusion.
Movant presents laches also as a basis for relief being granted on this motion. Obviously, upon its face, a period of *254 approximately 17 years between the issuance of the letters and the proceeding to revoke them being instituted suggests a distinct possibility that laches may be present. However, before the court grants summary judgment it must be determined that no questions of fact on a controlling issue exist which requires determination before ascertaining who is entitled to succeed in the proceeding (Firedoor Corp. of Amer. v Reliance Elec. Co., Haughton Elevator Div., 56 AD2d 523; Esteve v Abad, 271 App Div 725). If there is a significant doubt whether a factual issue exists, or if it be arguable, the motion must be denied (Philips v Kantor & Co., 31 NY2d 307, 311; Rediscount Corp. of Amer. v Duke, 34 AD2d 898). Nothing is here presented to support any conclusion as to whether the party seeking revocation could have, or should have, proceeded sooner. Likewise, no information is present to allow a determination as to the prejudice to parties in interest by this hiatus between issuance of the letters and the proceeding to revoke, or conversely whether revocation even at this late date would be necessary to assure the proper administration of the estate. On the information presented in the papers it cannot on this motion be determined that the proceeding to revoke is barred by laches.
The remaining contentions of movant likewise involve issues whose determination requires findings of fact. The information now before the court does not establish a basis for equitable estoppel, nor does it establish a right to dismissal based upon any breach of the attorney-client privilege.
The defense of general release is grounded upon an allegation that such a release was executed by petitioner on an unspecified date in 1963. Neither the instrument nor any copy has been presented. Both the existence and import of any such document remain at issue as does the very existence of a marriage between movant and decedent. On the latter subject, movant disputes the allegation that he and decedent were not married but submits no documentary or other evidence to establish the existence of such marriage.
In any event, the only sworn document in support of this motion is the affidavit of movant’s attorney who, it is apparent, had no personal knowledge of the facts. Such hearsay does not possess sufficient probative value so as to sustain the granting of summary judgment (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338; Di Sabato v Soifes, 9 AD2d 297).
The movant having failed to establish his right to summary *255 judgment as a matter of law on any of the multiple grounds alleged, the motion is denied.