■      In the Matter of the Accounting of the Estate of MICHAEL KOVACIK, Deceased. MILAN KOVACIK, as Administrator of the Estate of MICHAEL KOVACIK, Deceased, Respondent; NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE, Appellant.—Order, Surrogate's Court, New York County, entered January 13, 1978, which, *inter alia,* denied the cross motion of the objectant New York State Department of Mental Hygiene for summary judgment, unanimously affirmed, without costs or disbursements. The decedent was a resident of, and cared for in, a hospital facility of the objectant from May, 1951 until his death in August, 1974. His only assets consisted of his distributive share of the estate of his sister who died in August, 1973. The objectant filed claims with the administrator of the estate in excess of $80,000 expended for the care of the decedent and not reimbursed. The administrator rejected the claim and the present motion ensued after the

administrator petitioned for an accounting. The Surrogate denied both the motion of the administrator and the cross motion of the objectant for summary judgment, and we would affirm. We note that our affirmance is predicated upon questions of fact outstanding requiring resolution at a plenary hearing; namely, whether the estate is entitled to a credit for a payment of over $8,000, and the possibility of payment already having been made through the United States Department of Health, Education and Welfare and the Social Security Administration. Where the proof of the debt owed and the primary issue of liability are intertwined, the granting of summary judgment would be illusory since no time or effort of the court or litigants would be spared (*Rediscount Corp. of Amer. v Duke,* 34 AD2d 898, 899). We do not agree with the holding of the Surrogate that the objections are partially time-barred. The appropriate statute to be applied was subdivision 8 of section 24 of the former Mental Hygiene Law, under which a cause of action accrues from the date of death of a treated person, and not the more recently enacted subdivision (c) of section 43.07 of the Mental Hygiene Law under which a cause of action accrues when fees become due, since the Legislature clearly intended to give no retroactive effect to subdivision (c) of section 43.07 of the Mental Hygiene Law (see Mental Hygiene Law, § 91.03, enacted simultaneously with Mental Hygiene Law, § 43.07, subd [c]). Concur —Kupferman, J. P., Birns, Lane, Sandler and Sullivan, JJ.