OPINION OF THE COURT
Frank D. Paulo, S.
This proceeding is to revoke limited and restricted letters of administration issued to Frances Bosco in the estate of Joseph Bosco. Trial counsel to the attorney for the administratrix of the estate submitted an affidavit to the court, pursuant to SCPA 719 (subd 10), to bring certain facts to the attention of the court. Citation was issued to all interested parties. On the return date of citation, a hearing was held in open court. The administratrix failed to appear. Based on testimony in open court, she communicated with her brother prior to the hearing. In this conversation she made clear to him that she would not appear at the hearing.
Decedent died a resident of Richmond County on Novem *455 ber 20, 1975. Decedent was single and died without issue. Death was caused by a motor vehicle accident. Decedent was struck by a vehicle while standing on a sidewalk in New York County. On February 26,1976, limited and restricted letters of administration were issued to Frances Bosco, decedent’s sister.
The administratrix retained counsel to prosecute a claim for wrongful death and conscious pain and suffering for the benefit of the pecuniary beneficiaries of the decedent. Affiant was retained as trial counsel and on January 17, 1977, an action was commenced. At a pretrial conference, an offer of settlement for $50,000 was made. Based on the decedent’s age, income and marital status, the professional opinion of the trial attorney was that the settlement was fair and reasonable. The administratrix refused to settle. The settlement offer was made again and refused. The case was marked on the ready calendar. The administratrix refused to settle or appear in court as a witness at the trial. Her testimony was crucial with respect to pecuniary loss, as she was the purported recipient of.weekly payments from decedent, with whom decedent lived.
The trial attorney at all times kept the administratrix informed on the status of the case. She was consistent in her refusal to co-operate in the successful conclusion of this case.
Finally, on June 23, 1980, the matter was called to trial and the trial attorney was directed to select a jury. The administratrix failed to respond to the attorney’s letters or to appear in open court.. In order to protect the interests of the next of kin who would share in the proceeds of the recovery, which is the sole asset of the estate, the trial attorney had the case marked “settled subject to approval.” The settlement was for $51,500.
Based on the documentary evidence submitted in support of the application and the oral proof adduced at the hearing, it is clear that the behavior of the fiduciary is violative of her obligations as fiduciary. She has completely disregarded her fiduciary responsibilities. (See Matter of Brexa, NYLJ, June 1, 1977, p 7, col 6.)
SCPA 719 provides as follows: “In any of the following *456 cases, the court may make a decree suspending, modifying or revoking letters issued to a fiduciary from court without a petition or issuance of process: * * * “10. Where any of the facts provided in 711 are brought to the attention of the court.”
Subdivision 10 was added by section 38 of chapter 685 of the Laws of 1967. The Revisers’ Notes (McKinney’s Cons Laws of NY, Book 58A, SCPA, p 599) to the section state: “Subdivision 10 is new and intended to grant the court authority to act in any case where it has been brought to its attention that a fiduciary has acted or threatens to act disadvantageously to the estate.”
Counsel, invoking the broad policy expressed in SCPA 719 (subd 10), sets forth facts which clearly outline the course of conduct that will eventually denude this estate and deprive the pecuniary beneficiaries of this decedent a settlement in the sum of some $51,500. There can be no question that under SCPA 719 (subd 10) the court may act absent any petition at all for the revocation of these letters. The wise and benevolent policy of the Legislature in enacting this section should be invoked. The doubt raised by one of the commentators in commenting on this new section, as to the constitutionality of subdivision 10, is dissipated fully by the facts before the court in this proceeding. Here the limited administratrix having been served and with full knowledge of this hearing, informed her brother that she would not attend or co-operate in any way.
In Matter of Erwin (60 AD2d 885) the Appellate Division of the Second Department affirmed the decision of Surrogate Bennett of Nassau County removing the fiduciary where the Surrogate decreed that the petitioner was the rightful owner of the properties in question, and that in removing the trustee found the funds were not safe in the hands of the appellant and the circumstances warranted the serious response of his removal as trustee and executor. The Appellate Division cites with approval the Surrogate’s reliance on SCPA 719 (subd 10).
In Matter of D’Onofrio (97 Misc 2d 250) Surrogate Gelfand had before him a proceeding under SCPA 711 to *457 revoke the letters of the fiduciary where one of the defenses suggested was that the proceeding was barred by the Statute of Limitations. It was with respect to this defense that the Surrogate pointed by way of analogy to SCPA 719 (subd 10) as a basis for the Surrogate to always act even sua sponte, where facts are presented that show a violation of the provisions of SCPA 711. The Surrogate stated (p 253): “The scope of this continuing scrutiny is embodied in the expressed statutory authority stated in SCPA 719 (subd 10) which allows the court on its own initiative to revoke letters of administration, ‘[wjhere any of the facts provided in 711 are brought to the attention of the court.’ This statutory scheme suggests an intent on the part of the Legislature never to circumscribe a court in revoking a fiduciary’s authority where the circumstances justify such action. Clearly, if the court may always revoke letters based upon facts being presented to it even informally, it was not intended that as a matter of law, a time limit be placed when the same information could be presented in a formal proceeding.”
It is clear that the administratrix has acted disadvantageously to the estate and has violated SCPA 711 (subd 2): “2. Where by reason of his having wasted or improperly applied the assets of the estate, or made investments unauthorized by law or otherwise improvidently managed or injured the property committed to his charge or by reason of other misconduct in the execution of his office or dishonesty, drunkenness, improvidence or want of understanding, he is unfit for the execution of his office.”
The limited and restricted letters of administration heretofore issued to Frances Bosco are revoked, and limited and restricted letters shall issue to Santo Bosco, brother of decedent, upon his duly qualifying according to law.