**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff,**

v.

**C.B.F. YOUNG and Frances Young, Defendants.**

**No. 1:89–CV–2200–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 12, 1990.

Luke Anthony Kill, Allan Gregg Overton, Scoggins Ivy & Goodman, Atlanta, Ga., for plaintiff.

William N. Withrow, Jr., Susan Margaret Payor, Troutman Sanders Lockerman & Ashmore, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action to enforce a guaranty agreement executed by defendants. Jurisdiction is predicated upon 12 U.S.C. § 1819(b)(2)(A) [1] and 28 U.S.C. § 1345. Currently before the court is defendants' motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the court DENIES defendants' motion to dismiss.

FACTS

Plaintiff Federal Deposit Insurance Corporation ("FDIC") is a corporation organized under the laws of the United States of America. 12 U.S.C. § 1811.

Defendants C.B.F. Young and Frances Young reside in the Northern District of Georgia.

On May 2, 1978, defendants executed a Continuing Guaranty ("Guaranty") to Southern National Bank (the "Bank"). The Guaranty jointly and severally guaranteed any and all indebtedness of Leedy Mortgage Company, Inc. ("Leedy"). On June 4, 1979, Leedy executed and delivered a promissory note for the principal sum of $471,093.05 (the "Note") to renew a note originally made on June 15, 1978.

Leedy defaulted on its payment on the Note.

On June 14, 1979, the Office of the Comptroller of the Currency determined

---

**1.** 12 U.S.C. § 1819(b)(2)(A) provides:

Except as provided in subparagraph (D), all suits of a civil nature at common law or in
equity to which the Corporation [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

that Southern National Bank, a bank organized and existing under the laws of the United States, was insolvent. Pursuant to 12 U.S.C. §§ 191 and 1821(c), the Comptroller ordered Southern National Bank closed, took possession of its assets and affairs, and tendered to the FDIC the appointment as Receiver of the Bank. The FDIC accepted the appointment as Receiver.

Pursuant to 12 U.S.C. § 1823(c)(2)(A), the FDIC acquired certain assets of the bank. Among the assets acquired by the FDIC in its corporate capacity were the Note and Guaranty at issue in this case.

Plaintiff filed its complaint on September 29, 1989.

The FDIC claims that the maturity date on the Note executed by Leedy has passed and that Leedy remains in default. Plaintiff now demands that defendants pay all outstanding principal and interest remaining under the Note and defendants' Guaranty as well as collection costs and reasonable attorney fees. Plaintiff claims the outstanding principal amount is $141,327.90 and the outstanding interest is $82,685.43 as of September 27, 1989.

On November 13, 1989, defendants filed their motion to dismiss for failure to state a claim on which relief may be granted. The essence of defendants' motion to dismiss is that plaintiff's complaint is barred by the statute of limitations.

On November 22, 1989, prior to defendants' filing of any responsive pleadings, plaintiff's filed an Amended and Restated Complaint. Attached to the Amended and Restated Complaint are documents and exhibits which, plaintiff contends, demonstrate that the statute of limitations has not expired in this action.

DISCUSSION

In evaluating the sufficiency of plaintiff's complaint, the court must accept the facts as pleaded and construe them in the light most favorable to the plaintiff. *Parr v. Woodmen of the World Life Insurance Co.*, 791 F.2d 888, 889–90 (11th Cir.1986). The standard the court must use in ruling on a motion to dismiss for failure to state a claim is well-established. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–47, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). Accordingly, the "movant sustains a very high burden." *Jackam v. Hospital Corporation of America Mideast, Ltd.*, 800 F.2d 1577 (11th Cir.1986).

Defendants in the case at hand claim that they have met the burden of proving that plaintiff can establish no set of facts entitling it to relief. Defendants assert that a six year statute of limitations is applicable in this case, pursuant to 28 U.S.C. § 2415(a). This section establishes a six-year statute of limitations for "... every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract...." 28 U.S.C. § 2415(a). Defendants maintain that since the FDIC is an agency of the government when acting in its corporate capacity, *Federal Deposit Insurance Corp. v. Petersen*, 565 F.Supp. 1007, 1009 (D.Colo.1983) (*citing D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 455–56, 62 S.Ct. 676, 678–79, 86 L.Ed. 956 (1942)), *aff'd* 770 F.2d 141 (10th Cir.1985), section 2415(a) applies to an action brought by the FDIC in its corporate capacity to enforce a guaranty agreement.

28 U.S.C.A. § 2415(a) provides that a cause of action accrues "when the claim first becomes actionable, regardless of whether the government has acquired the claim at that time." *Petersen*, 565 F.Supp. at 1010. Defendants contend that plaintiff's cause of action accrued no later that June 15, 1980, which defendants state is the maturity date of the Note. Thus, defendants assert that the six-year statute of limitations began running on June 15, 1980 such that any claims filed after June 15, 1986 would be barred.

Plaintiff does not contest the application of 28 U.S.C.A. § 2415(a) to this action. However, plaintiff vigorously disputes defendants' contention that the maturity date

of the Note was June 15, 1980. In its Amended and Restated Complaint, plaintiff attaches documents allegedly demonstrating that the maturity date of the Note was considerably later than June 15, 1980, possibly as late as April 20, 1985. Plaintiff also asserts in its Amended and Restated Complaint that the borrower made payments on the Note after January 15, 1980 and into 1983. Amended and Restated Complaint, ¶ 20.

In ruling on defendants' motion to dismiss, the court may consider any matters in the pleadings. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed.R.Civ.P. 10(c); *see Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985); *In re PHLCORP Securities Tender Offer Litigation,* 700 F.Supp. 1265, 1268 (S.D.N.Y.1988) (documents attached to a complaint as exhibits or incorporated by reference may be considered on a Rule 12(b)(6) motion). Thus, the court may consider all exhibits to plaintiff's Amended and Restated Complaint in ruling on defendants' motion to dismiss.

As stated above, the court must construe plaintiff's allegations in a favorable light. If plaintiff's pleadings allege any facts which would entitle it to relief the court must deny the motion to dismiss. After reviewing the Amended and Restated Complaint, the court concludes that plaintiff has pleaded facts which enable it to survive the motion to dismiss. Plaintiff's Amended and Restated Complaint includes documents which may prove that the maturity date of the Note was in 1985. The April 21, 1978 amendment to the loan agreement, attached to the Amended Complaint as Exhibit D calls for a repayment schedule of seven years, making the maturity date of the loan sometime in 1985. The court concludes that there is at least an ambiguity, a factual issue for trial, as to when the note matured. When such a factual issue is evident on the face of the pleadings, the court must deny a motion to dismiss.

CONCLUSION

The court DENIES defendants' motion to dismiss.

So ORDERED.