Matter of Scott (2024 NY Slip Op 51728(U))

[*1]

Matter of Scott

2024 NY Slip Op 51728(U)

Decided on December 16, 2024

Surrogate's Court, Kings County

Graham, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2024
Surrogate's Court, Kings County

Administration Proceeding, Estate of Nannie Scott, Deceased.

File No. 2023-4867

Attorney for Petitioner Ruth Cohen:
Frank Wharton, Esq.
305 Broadway, 7th Floor
New York, NY 10007
Attorney for Distributee Jean Scott:
Loren Lewis, Esq.
72 Brooklyn Ave.
Brooklyn, NY 11216

Bernard J. Graham, S.

Decision
In the above-captioned proceeding, Letters of Administration for the Estate of Nannie Scott had been issued to the petitioner, Ruth Cohen ("Ms. Cohen"). The decree was issued by the undersigned, Surrogate Graham, on December 18, 2023.
Ms. Cohen had filed a petition for administration of the Estate of Nannie Scott on or about November 21, 2023, as the designee of Jean Scott ("Jean Scott") who is the decedent's only child and sole distributee. In the petition, Ms. Cohen had named Jean Scott as the daughter of the decedent and that she resided at 1269 Bergen Street, Brooklyn, NY 11213. (See Petition for Letters of Administration, paragraph 7a). In Paragraph 7b of the petition, which would include any persons who are infants or under a disability, the petition states "None".
This Court, on November 1, 2024, had received an inquiry from a Kings County Supreme Court Justice who was presiding over a tax lien foreclosure involving the property located at 1269 Bergen Street, Brooklyn, NY (hereinafter the "subject property"). The Justice expressed a concern as to whether Ms. Cohen was the proper fiduciary of the Estate of Nannie Scott, as the Justice had learned that Jean Scott was residing in a nursing home, and that Ms. Cohen had no familial relation to Jean Scott.
The undersigned, with the assistance of Chambers' staff, reviewed the administration petition submitted by Ms. Cohen and found that there was no indication Jean Scott resided in a [*2]nursing home or was under a disability. The Court was able to obtain information confirming that Jean Scott was residing in a nursing home facility, the Oxford Nursing Home in Brooklyn (the "Oxford Nursing Home"), and not residing at the subject property as stated in the petition. Furthermore, the Court was informed that Jean Scott was suffering from a form of dementia.
The Court, by contacting the Oxford Nursing Home, was also able to identify a cousin of Jean Scott , Barbara Rush, who resides in North Carolina and is the contact person listed in the Oxford Nursing Home records. Barbara Rush was contacted by the undersigned and the Court was informed that Ms. Rush holds a power of attorney for Jean Scott and is aware that Jean Scott resides at the Oxford Nursing Home. Ms. Rush has never spoken with Ms. Cohen and has no explanation as to why Ms. Cohen was designated to represent Jean Scott's interest. Barbara Rush did inform the Court that an attorney, Loren Lewis, Esq., had previously represented Jean Scott and suggested he might have information concerning the Nannie Scott Estate.
The Court issued an order to show cause to require Ms. Cohen to appear in Surrogate's Court before the undersigned on November 21, 2024, to provide the Court with information regarding the circumstances surrounding her appointment as Administrator of the decedent's Estate. Attorney Frank Wharton, who was retained by Ms. Cohen for the tax lien foreclosure case, was also directed to appear on the return date.
Prior to the hearing, the Court reached out to attorney Loren Lewis who informed the Court that he would visit Jean Scott at the Oxford Nursing Home and would report to the Court at the hearing what Jean Scott's condition is and what her relationship to Ms. Cohen is, if any.
Hearing Conducted November 21, 2024:
At the scheduled hearing conducted on November 21, 2024, Ms. Cohen was present and the Court questioned Ms. Cohen as to why she was listed as the designee of Jean Scott. Ms. Cohen explained that she is a real estate professional and noticed the subject property while walking through the neighborhood and observed that the subject property appeared to be neglected. Ms. Cohen took it upon herself to find Jean Scott, who was residing in the Oxford Nursing Home. Ms. Cohen stated that she attempted to contact a relative of Jean Scott but was unsuccessful. Ms. Cohen also stated that Jean Scott was suffering from memory loss or dementia. Notwithstanding Jean Scott's condition, which Ms. Cohen admits she was aware of, Ms. Cohen stated that Jean Scott signed a waiver and consent and a designation for Ms. Cohen serving as Administrator of the decedent's estate.
The testimony of Attorney Loren Lewis was that he had visited Jean Scott the day before the hearing and questioned Jean Scott concerning her relationship to Ms. Cohen and whether she had asked Ms. Cohen to be the Administrator of her mother's Estate. Mr. Lewis prefaced his remarks by informing the Court that Jean Scott has symptoms of dementia and is not always able to recall events. He then stated that Jean Scott informed him that she did not designate Ms. Cohen to represent the Estate and did not wish Ms. Cohen to be involved with her mother's Estate.
Barbara Rush testified virtually from North Carolina where she resides. Ms. Rush stated that she was unaware of Ms. Cohen's involvement in the Estate of Nannie Scott and was adamant that Ms. Cohen would never have been designated to be the Administrator of the Nannie Scott Estate by Jean Scott.
Attorney Frank Wharton also testified at the hearing conducted by the Court. Mr. Wharton had no involvement with obtaining letters of administration for the Nannie Scott Estate and had no hand in the preparation of the petition for administration and was solely retained by [*3]Ms. Cohen to oppose the tax lien foreclosure.[FN1]
Mr. Wharton did explain that the ownership of the subject property was complicated as the subject property had been placed in a limited liability company under the name of "Nan Art Realty, LLC" which was formed by Nannie Scott and her pre-deceased husband. Mr. Wharton did explain that Ms. Cohen had undertaken to clear the title to the subject property and prevent it from being taken by parties who attempted to obtain the subject property through fraud.
Discussion:
The testimony obtained at the hearing of November 21, 2024 confirms that the statements made under oath in the preparation of the petition for administration of the Estate of Nannie Scott are misleading and untrue. The petition falsely states that Jean Scott resides at the subject property when, in fact, Jean Scott has been residing at the Oxford Nursing Home for a prolonged period. The evidence is also credible that Jean Scott suffers from a disability and is cognitively impaired, which has been acknowledged by Ms. Cohen. The untrue statements in the petition are a material misrepresentation made to the Court.
The Court also has questions, which have not been resolved at the hearing, as to how Ms. Cohen managed to enter the nursing home and have documents signed by Jean Scott, and then managed to have the documents notarized by a notary public when Jean Scott was confined to the nursing home.[FN2]

When Ms. Cohen, a complete stranger to Jean Scott, was questioned by the Court concerning her involvement in the Nannie Scott Estate, Ms. Cohen was adamant that her only interest is in assisting Jean Scott. Ms. Cohen considers her actions in initiating proceedings to dismiss the tax foreclosure and clearing title to the subject property so it may be sold, as the actions of an "angel".
While the Court does credit Ms. Cohen with taking steps to clear the title of the subject property and challenge the tax foreclosure, her efforts are more accurately those of a self-serving nature and certainly not "angelic". The fact remains that Ms. Cohen made false material statements for the purpose of obtaining letters of administration for the Estate of Nannie Scott for herself.
"SCPA §711(4) provides that 'a co-fiduciary, creditor, person interested, any person on behalf of an infant or any surety on the bond of a fiduciary' may petition for the suspension, modification or revocation of letters". (In re RYTVOC, Inc., 38 Misc 3d 1222(A) [Surr. Ct. Nassau Co., 2013]).
It is well established that a fiduciary who has obtained the grant of letters by a false suggestion of a material fact or otherwise made untrue statements in obtaining the grant of letters may be removed as a fiduciary. (In re Thomas, 49 Misc 3d 1211(A) [Surr. Ct. Kings Co. 2015] see also In re Barasch's Estate, 32 Misc 2d 548 [Surr. Ct. Nassau Co., 1962]). Furthermore, the Surrogate's Court, pursuant to SCPA §719 may on its own revoke, suspend or modify letters [*4]where any facts disqualifying a fiduciary pursuant to SCPA §711 are brought to the attention to the Court. (In re RYTVOC, Inc. 38 Misc 3d 1222(A) [Surr. Ct. Nassau Co., 2013]).
Conclusion:
It has been established that untrue and misleading statements have been made under oath and submitted to the Court for the purpose of obtaining Letters of Administration for the Estate of Nannie Scott. Accordingly, pursuant to §711 and §719 of the SCPA, the Letters of Administration issued to Ruth Cohen are hereby revoked.
A Guardian Ad Litem will be assigned to Jean Scott by a separate order of this Court to represent the interests of Jean Scott during the administration of the Estate of Nannie Scott.
The Court has determined that the Office of the Public Administrator of Kings County is in the best position, under the circumstances, to prosecute the administration of the Nannie Scott Estate and protect the interests of the estate. Accordingly, temporary letters of administration for the Estate of Nannie Scott are hereby issued to the Public Administrator of Kings County.
It is hereby ORDERED that to the extent Ruth Cohen marshalled any assets of the estate of Nannie Scott, Ruth Cohen shall turnover all assets to the Kings County Public Administrator within 30 days of this order, and it is further
ORDERED that to the extent Ruth Cohen marshalled any assets of the estate of Nannie Scott, Ruth Cohen shall file an account of her proceedings as Administrator at the Surrogate's Court, Kings County, together with her petition for a judicial settlement and allowance of said account within 30 days of this order, and it is further
ORDERED that Ruth Cohen shall turnover any records concerning the estate of Nannie Scott and the tax foreclosure action concerning 1269 Bergen Street, Brooklyn, NY, pending in Supreme Court, to the Kings County Public Administrator within 30 days of this order, and it is further
ORDERED that Frank Wharton, Esq. shall turnover his file concerning the tax foreclosure action concerning 1269 Bergen Street, Brooklyn, NY, pending in Supreme Court, to the Kings County Public Administrator within 30 days of this order, excluding only attorney-client communications that may be privileged.
The Administration Department shall serve a certified copy of this Order upon Ruth Cohen at the address listed on her petition and upon Frank Wharton, Esq. at 305 Broadway, 7th Floor, New York, NY 10007, by certified mail and regular mail.
This shall constitute the decision and order of this Court.
Dated: December 16, 2024
E N T E R:
Bernard J. Graham, Surrogate

Footnotes

Footnote 1:The tax lien foreclosure pending in Supreme Court, Kings County is Estate of Nannie B. Scott, Nan Art Realty against NYCTL 2018-A Trust and the Bank of Mellon, et al., File No. 524290/2024)

Footnote 2:Although not dispositive, Barbara Burke, who is the holder of a power of attorney for Jean Scott did testify that the signature on the petition of Janet Scott was, in fact, not her signature.