THE WELLINGTON NATIONAL BANK V. J. C. THOMSON.

No. 701.  (59 Pac. 178.)

1. PROMISSORY NOTE—*Extension—Forbearance.*  A joint and several promissory note contained the following provision: "We, the makers, sureties, guarantors and indorsers hereon, agree to extensions of this note without notice, hereby ratifying such extensions and binding ourselves for payment hereof as if no extension of time for or forbearance of payment had been granted or made." *Held,* that the words "extension of time for payment" and "forbearance" must be regarded as signifying an actual extension of time of payment and an actual forbearance to sue, resting upon a positive agreement therefor.

2. ———— *Payments — Statute of Limitations.*  "Partial payments made by one debtor on a note will not suspend the running of the statute of limitations in favor of the other debtors thereon." (*Steele v. Souder,* 20 Kan. 39.)

Error from Sumner district court; J. A. BURNETTE, judge.  Opinion filed November 20, 1899.  Affirmed.

*James Lawrence,* and *Levi Ferguson,* for plaintiff in error.

*J. W. Haughey,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by the plaintiff in error against the defendant in error and W. T. McBride and J. W. Haughey to recover upon a promissory note executed by them and delivered to the plaintiff, on June 11, 1888, the note being due four months after its date.  It contained the following provision:

"We, the makers, sureties, guarantors and indorsers hereon, agree to extensions of this note without notice, hereby ratifying such extensions, and binding ourselves for payment hereof as if no exten-

sion of time for or forbearance of payment had been granted or made."

The note bore several indorsements showing the payments of interest, the last of such indorsements being : " Interest paid to June 1, 1890." Another indorsement is as follows : " March 6, 1894, paid $250 by sale of Santa Fe Town Company stock."

The defendant Thomson alone filed an answer, in which the principal defense was that the plaintiff's cause of action was barred by the statute of limitations. Judgment was entered in favor of the plaintiff as against Haughey & McBride, and in favor of the defendant Thomson.

The only defense in support of which evidence was introduced was that of the statute of limitations, and such evidence was the testimony of the defendant Thomson. He testified that he was a surety on the note ; that he neither made payments of principal or interest, nor furnished money to make such payments upon the note ; that he was not aware that such payments were made, and did not know that the note was still in existence and unpaid until about one year after the note was on its face barred by the statute. There was no direct evidence showing that the time of payment of the note had been extended or that an agreement not to sue was ever made. The petition did not allege that any extension had been granted, and counsel for the plaintiff in error in his statement of the case admitted that no extension had been made. It was not shown that the plaintiff had notice or knowledge that Thomson was in fact a surety.

It is claimed by counsel for plaintiff in error that by reason of the payments of interest upon the note the operation of the statute of limitations was suspended, and that under the terms of the note the de-

fendant in error was bound by such payments. We do not so understand the language of the note. The word "extension" used therein must be understood as meaning an actual extension of the time of payment, resting upon a definite basis — that is, upon a contract to that effect, supported by a sufficient consideration. Without such a contract an extension of time of payment or a forbearance to sue would not bind the holder of the note. The construction contended for by the plaintiff in error would make the words of the note an agreement to waive the defense of the statute of limitations, and therefore void. It appears that there was delay in bringing suit, but there is nothing to prove that such delay was on account of an agreement for forbearance, and hence the delay does not amount to a legal forbearance. The liability of Thomson was a several liability under the law and no act of his had deprived him of the protection of the statute of limitations. He made no payments on the note, authorized none, knew of none. The act of the other signers of the note in paying interest already accrued or making part payment of the principal did not suspend the running of the statute so far as Thomson was concerned.

" Partial payments made by one debtor on a note will not suspend the running of the statute of limitations in favor of the other debtors thereon, although the party paying be the principal debtor, and the others only sureties."

" We conclude then that payment suspends the running of the statute only as against the party making the payment." (*Steele v. Souder*, 20 Kan. 39.)

The judgment of the district court will be affirmed.