## PETTUS *v.* RAWLS.

### Opinion delivered November 19, 1917.

1. LIMITATIONS—PAYMENT ON AN ACCOUNT.—To constitute a payment on an account so as to bar the running of the statute, the money or other thing must pass from the debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose.

2. LIMITATIONS—PAYMENT ON ACCOUNT—CORRECTION.—A credit by the creditor on his books, made to correct an item of the account which had been erroniously charged, will not bar the running of the statute of limitations.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*M. B. Norfleet* and *J. M. Prewett,* for appellant.

1. The suit was not barred; the Redman credit was known and agreed to by appellees. It was part payment. The amount due was an account stated and the statute only began to run from the date thereof. 2 Greenleaf Ev., § 127; 89 Am. Dec. 85; 107 U. S. 325; 27 L. R. A. 811. See also 60 Ark. 491; 20 *Id.* 189.

2. Part payment forms a new period from which the statute begins to run. 14 Ark. 85; 18 *Id.* 521; 68 *Id.* 399; 19 Am. & E. Enc. Law 325-9; 5 Ark. 555; 12 *Id.* 762; 20 Ala. 105; *Ib.* 687; 1 Mich. 40; 92 Ark. 247; 25 Cyc. 1377; 99 Ark. 214. It was error to direct a verdict.

*Mann & Mann,* for appellee.

1. There was no part payment. In order to arrest the statute there must be an express promise to pay in writing or a voluntary payment. 20 Ark. 171; 60 *Id.* 171; 66 *Id.* 73; 68 *Id.* 397. See also 30 Cyc. 1180. No promise was made.

HART, J. On August 26, 1916, Robert L. Pettus sued J. A. Rawls and Allie Rawls for the sum of $294.11. He alleged they owed him for merchandise. An itemized account duly verified was filed with the complaint.

The defendant answered denying all the allegations of the complaint and pleading in bar of the action the statute of limitations of three years. The case was tried before a jury on March 21, 1917. At the conclusion of the evidence the court told the jury that the last payment on the account was made in February, 1913, and that the account was barred by the statute of limitations, the suit having been brought in August, 1916. The jury were therefore directed to return a verdict for the defendant which was accordingly done. From the judgment rendered the plaintiff has appealed.

It is conceded that the last payment was made in February, 1913, and that the account is barred by the statute of limitations unless the following constitutes a payment: On the itemized account under date of November 9, 1909, there appears the folowing charge: "On the Redman account $12.98." On the credit side of the account appears in pencil the following: "By Redman 3-5 1914, $12.98." Pettus claims that this is a credit on the account. His testimony on the point is as follows:

"Q. All you did was to make a correction in the account by crediting her with this item that was charged to her in 1909?

A. Yes, sir.

Q. And no payment was made on the account?

A. Not in money.

Q. You just gave her credit for this amount charged in 1909?

A. I agreed to give her credit.

Q. She was not out anything?

A. She did not pay anything then."

This testimony is not sufficient to constitute proof of a payment of the date of March 5, 1914. To constitute payment the money or other thing must pass from

the debtor to the creditor for the purpose of extinguishing the debt and the creditor must receive it for the same purpose.   30 Cyc. 1180; *McAbee* v. *Wiley*, 92 Ark. 245.

Tested by this rule it is perfectly plain that there was no payment.   The creditor simply made a correction of an item of the account on his books by crediting his debtor with an amount with which she had been erroneously charged.

It follows that the judgment must be affirmed.