ISRAEL KETCH *vs.* B. S. SMITH.

Aroostook.    Opinion May 24, 1929.

W. P. *Hamilton*, for plaintiff.
C. M. *Fowler*,
H. T. *Powers*, for defendant.

SITTING: WILSON, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

FARRINGTON, J.    On exceptions. This was an action of replevin heard before the presiding Justice below without jury. The defendant pleaded the general issue and for brief statement said that the automobile described in plaintiff's writ was, at the time of the taking, in the possession of defendant as a duly qualified deputy sheriff by virtue of a seizure on an execution.

The only facts available from the bill of exceptions on which the ruling of the Court below must have been based are those contained

in the written decision of the Court in a previous case between the same parties in which the same issues were involved, which decision, it is assumed, was intended to be a part of the bill. Those facts are as follows:

Fred E. Peterson on November 4, 1926, sold to S. B. Schriver and Thelma Schriver an automobile, taking a Holmes note for security. The note was recorded November 5, 1926. On January 25, 1927, it was assigned by Peterson to the plaintiff, and on the same date the assignment was recorded and the plaintiff, having taken possession of the automobile, gave to the Schrivers a written notice of his intention to foreclose the note, and on the following day recorded a copy of the notice.

On March 24, 1927, the L. B. Bean Company brought an action against S. B. Schriver on a note of his held by the Company, and on March 25, 1927, the defendant attached the automobile on the premises of the plaintiff and in his absence. The defendant had taken possession of the automobile and had it in the highway, when the plaintiff returned and then the defendant informed the plaintiff that the Company had given him money to pay the amount due on the note and that he was prepared to and desired to pay such amount and took out of his pocket the money given him for that purpose. The plaintiff refused to talk with him and the defendant left with the automobile. The sixty days after recording notice of the foreclosure had not, on March 25, 1927, expired.

The plaintiff on March 29, 1927, on which date the sixty days' notice had expired, brought an action of replevin. The defendant pleaded *non cepit* with brief statement that the automobile was, on March 29, 1927, in his possession and held by him as an officer by virtue of an attachment made by him on March 25, 1927, as above stated.

Upon the above facts the presiding Justice in the former case held that the defendant had the right to attach the automobile on March 25, 1927, and that the conduct of defendant at the time of attachment amounted to a tender which was waived by the plaintiff; that the right to redeem from the foreclosure was not forfeited and that the plaintiff not having given the required statutory notice as claimant could not bring the action. Judgment was accordingly rendered for the defendant and one dollar damages and costs and

return of the property ordered. No appeal was taken and it is to be assumed that the property was returned. There is nothing in the record to show on the part of the plaintiff anything except acquiescence in the decision of the presiding Justice.

The foregoing are the only facts before this court and must be taken as those existing at the time of bringing the second replevin suit which was decided against the plaintiff and which comes up on his exceptions. No change in the status of the parties and no new facts appear since the decision in the previous case. The parties are the same, the automobile is the same, and the conditions under which the taking took place are the same, the issue is the same. The full sixty days' period on the foreclosure had expired at the time of the former taking and the same was true at the second taking; the automobile was still in the possession of the defendant under the same claim of right; nor is their any evidence in the present record to show the giving of the forty-eight hours statutory notice on the part of the plaintiff claimant. The present case therefore stands on all fours with the former case, removed only in point of time.

Upon the issue of tender the record clearly discloses an existing final judgment or decree rendered on the merits, without fraud or collusion, by a court of competent jurisdiction on a matter within its jurisdiction, regularity of proceedings and a matter between the same parties and covering the same issue.

It would be of no avail for the plaintiff to claim that the former decision may have been erroneous. No appeal was taken and judgment in that case was final.

The doctrine of "res adjudicata" was not referred to as far as the record discloses but appears conclusive as to the rights of parties in this case.

It is accepted law in this State, that, conceding jurisdiction, regularity in proceedings, and the absence of fraud, a judgment between the same parties is a final bar to any other suit for the same cause of action, and is conclusive not only as to all matters which were tried, but also as to all which might have been tried in the first action. *Blodgett* v. *Dow*, 81 Me., 197 ; *Blaisdell* v. *Inhabitants of York*, 117 Me., 379 ; *Merrill* v. *Regan*, 117 Me., 183 ; *Van Buren Light and Power Company* v. *Inhabitants of Van Buren*, 118 Me., 463 ; *Emerson* v. *Street Railway*, 116 Me., 61 ; *Arsenault*

v. *Brown Company,* 122 Me., 52; *Edwards* v. *Seal,* 125 Me., 39.

The plaintiff has had his day in Court and can not, under the facts which form the basis of the consideration of the case, prevail. Though for reason different from that on which the presiding Judge below based his finding, the decision below must stand.

*Exceptions overruled.*