ELK HORN BANK & TRUST COMPANY *v.* SPRAGGINS.

Opinion delivered June 23, 1930.

28

*McMillan & McMillan* and *D. H. Crawford,* for appellants.

*McElhannon & Callaway,* for appellee.

HART, C. J., (after stating the facts). It is well settled in this State that a vendor of land who has parted

with the legal title has in equity a lien for the purchase money against the vendee and his privies, including subsequent purchasers with notice. The deed of plaintiff to S. W. Hearn which retains the reservation of the lien was not placed on record, but the bank and subsequent purchasers from S. W. Hearn were charged with notice of all recitals in the title deeds of their vendor whether they were of record or not. No principle of law is better established in this State than this, that one is bound by whatever, affecting his title, is contained in any instrument through which he must claim title, even though it be not recorded and he have no actual notice of its provisions. *Stephens* v. *Shannon*, 43 Ark. 464; *Green* v. *Maddox*, 97 Ark. 397, 134 S. W. 931; *Graysonia-Nashville Lumber Co.* v. *Saline Development Co.*, 118 Ark. 192, 176 S. W. 129; *Union & Planters' Bank & Trust Co.* v. *Simmons*, 166 Ark. 285, 265 S. W. 953; *Ponder* v. *Gibson-Homans Co.*, 166 Ark. 591, 266 S. W. 682; and *Robertson* v. *American Investment Co.*, 170 Ark. 413, 279 S. W. 1008.

This rule is conceded, but it is insisted that the rule has been changed by § 7382 of the Digest, when construed in connection with § 7408 of the Digest. The latter section was passed first. It was enacted by the Legislature of 1911 to provide a period of limitation in the enforcement of mortgages. In *Morgan* v. *Kendrick*, 91 Ark. 394, 121 S. W. 278, 134 Am. St. Rep. 78, the court said that the effect of the statute as to third parties is that when the debt secured by a mortgage is apparently barred by limitation, and no payments which would extend the limitation are indorsed on the margin of the record of the mortgage, it becomes as to third parties an unrecorded mortgage; and, like an unrecorded mortgage, it constitutes no lien upon the mortgaged property, as against such third persons, notwithstanding they have actual knowledge of the execution of such mortgage. Numerous other cases to the same effect are cited in the footnote to the section of the statute. This section does not mention vendor's liens, and consequently the holders

of such lien are not affected by the provisions of the statute.

Section 7382 of the Digest was enacted by the Legislature of 1917 to regulate the manner of renewing or extending the time of maturity of debts secured by mortgages or vendors' liens. The section provides in effect that no agreement for the extension of the date of maturity of any debt or note secured by a mortgage or vendor's lien or for the renewal thereof, whether made in writing or otherwise, and no written or oral acknowledgment of indebtedness thereon, shall so far as the same affects the rights of third parties, operate to revive said debt or extend the operation of the statute of limitations with reference thereto unless a memorandum showing such extension or renewal is indorsed on the margin of the record where such instrument is recorded.

It will be noticed that § 7408 deals with the subject of partial payments on a mortgage, and that § 7382 deals with the question of the extension of the date of maturity or the renewals of notes secured by mortgages or vendors' liens. Payment is the discharge of a debt in whole or in part, and is not a contract. *Pettus* v. *Rawls,* 131 Ark. 125, 198 S. W. 874; and *Porter* v. *Title Guaranty & Trust Co.,* 17 Idaho 364, 106 Pac. 299, 27 L. R. A. (N. S.) 111.

On the other hand, an extension or renewal of a note rests in contract, and means that which takes place when the debtor and creditor make an agreement upon a valuable consideration for the maturity of the debt on a day subsequent to that provided in the original contract. *National Bank of Commerce* v. *Kennedy,* 98 Texas 293, 83 S. W. 368; *Rossville State Bank* v. *Heslet,* 84 Kan. 315, 113 Pac. 1052, 33 L. R. A. (N. S.) 738.

The record in this case does not show any extension or renewal of the debt or note of S. W. Hearn to Mrs. Spraggins, secured by the vendor's lien. Hence we are of the opinion that § 7382 has no application under the facts of the present case. Payments on the note or indebtedness of S. W. Hearn to Mrs. Spraggins were made

from time to time, and proof of that fact was established by the testimony of Mrs. Spraggins, which is uncontradicted. Hence her debt was established by the uncontradicted evidence, and, under the principles of law above stated she had a vendor's lien on the lots in controversy which could be enforced in a suit in equity. In short, the effect of a renewal or an extension as provided in § 7382 is merely to extend the time of payment of the note or deed, and does not discharge the obligation. On the other hand, the payment as provided in § 7408 extinguishes the debt to the extent of the payment.

The court also correctly allowed the bank judgment against Thomas A. Hearn, Jr., for $18.64 which it had paid to remove the materialman's lien on the lot of said Hearn.

We find no reversible error in the record, and the decree will therefore in all things be affirmed.