## STOKKE et ux. v. SOUTHERN PAC. CO.
### No. 3640.

Circuit Court of Appeals, Tenth Circuit.
Aug. 9, 1948.

William A. Sloan, of Albuquerque, N. M. (Pearce C. Rodey, Don L. Dickason, Frank M. Mims, and Jackson G. Akin, all of Albuquerque, N. M., on the brief), for appellants.

L. C. White, of Santa Fe, N. M., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is an action by John Stokke and wife, Emma Stokke, citizens of Washington, against Southern Pacific Company, a railroad corporation organized under the laws of Kentucky and engaged in business in California, Oregon, New Mexico, and elsewhere, to recover damages for personal injuries suffered by plaintiff Emma Stokke while boarding a passenger train of defendant at Davis, California. The action was filed in the state court in New Mexico and was removed to the United States Court for that state. By answer, the defendant pleaded limitations, forum non conviens, and res judicata. The court entered judgment dismissing the action on each and all of the several defenses pleaded in the answer; and plaintiffs appealed.

Taking up the question of res judicata, an identical action between the same parties was filed in the state court in Oregon and was removed to the United States Court for that state. The defendant answered, pleading that the complaint failed to state a claim upon which relief could be granted plaintiffs; that plaintiff Emma Stokke was guilty of contributory negligence; and that the right of action was

barred by limitations. Plaintiffs filed a motion to dismiss the action without prejudice, and defendant filed a motion for summary judgment on the ground that it affirmatively appeared from all of the pleadings that it was entitled to such judgment as a matter of law. The court entered summary judgment in favor of the defendant and against plaintiffs. No appeal was taken and the judgment became final. Copies of the complaint, the answer, and the judgment in that case were attached to the answer in this case. Appellants concede that the action in Oregon was identical with this action, concede that the judgment was entered, and concede that it became final. But they contend that the former action was dismissed on the ground that it was barred by limitations and that therefore the judgment does not bar this action under the doctrine of res judicata. It is the general rule that a judgment dismissing an action on the ground that it is barred by limitations merely determines that the legal remedy for the enforcement of the right of action is barred in that forum; that it does not extinguish the right; and that it therefore does not constitute res judicata which forecloses the maintaining of a subsequent action in another state where the right is not barred by local law. Warner v. Buffalo Drydock Co., 2 Cir., 67 F.2d 540, certiorari denied Buffalo Dry Dock Co. v. Salkeld, 291 U.S. 678, 54 S.Ct. 529, 78 L.Ed. 1066; Roller v. Murray, 71 W.Va. 161, 76 S. E. 172, L.R.A.1915F, 984, Ann.Cas. 1914B, 1139, appeal dismissed 234 U.S. 738, 34 S.Ct. 902, 58 L.Ed. 1570; Brand v. Brand, 116 Ky. 785, 76 S.W. 868, 63 L.R.A. 206; 3 Freeman on Judgments § 1397; Restatement, Judgments § 49; 2 Beale, Conflict of Laws § 450.11.

 But here the judgment entered in the earlier case did not merely dismiss the action, on the ground of limitations or otherwise. It was not merely a judgment of non-suit. It was a general judgment in favor of the defendant and against the plaintiffs, without specifying or even suggesting any particular ground upon which it was predicated. That was the sweep of the judgment and it must be so taken here. It cannot be modified or narrowed in this suit. It may have been correct insofar as the defense of limitations was concerned and erroneous in all other respects. But an erroneous judgment fairly and regularly entered by a court of competent jurisdiction is nevertheless an effective bar under the doctrine of res judicata to a subsequent action between the same parties on the same cause of action. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L. Ed. 1069; Sacks v. Stecker, 2 Cir., 62 F.2d 65; Ketch v. Smith, 128 Me. 171, 146 A. 247; Bailey v. Firemen's Insurance Co., 108 W.Va. 75, 150 S.E. 365; United States v. Lufcy, 329 Mo. 1224, 49 S.W.2d 8. The action was foreclosed by reason of res judicata.

Other questions are presented but it is unnecessary to consider them.

The judgment is affirmed.