**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**James H. PETERSEN, Henry Heidtbrink and Jerry R. Dunn, Defendants.**

**Civ. A. No. 82-A-1464.**

United States District Court, D. Colorado.

June 27, 1983.

Ellen W. Reath of Sherman & Howard, Denver, Colo., for plaintiff.

Jack Silver of Silver & Kelley, Denver, Colo., for defendant James H. Petersen.

David C. Aspinwall of Burg & Aspinwall, Denver, Colo., for defendants Henry Heidtbrink and Jerry R. Dunn.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

Plaintiff Federal Deposit Insurance Company (FDIC) initiated this action to enforce certain guaranty contracts. Jurisdiction is founded on 28 U.S.C. § 1345 and 12 U.S.C. § 1819 Fourth. The defendants moved for judgment on the pleadings or in the alternative for summary judgment. Before this motion came to be heard, the parties reached a stipulation concerning the essential facts of the case, leaving only legal issues unresolved. The hearing on the motion was therefore consolidated with trial on the merits. The only issues to be considered are what statute of limitations governs the FDIC's claim and whether, under the appropriate statute, this suit was timely filed. The following will constitute my ruling on the motion and my findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

## FACTS

On February 1, 1975, defendant Petersen, as President of Meridian Properties, Inc. (Meridian) signed a note in the amount of $66,335.47 payable to The Drovers National Bank of Chicago. The note provides for monthly installments, with the balance of all unpaid principal and interest due on June 1, 1976. On the same day, defendants Petersen, Heidtbrink, and Dunn each signed guaranty contracts by which they personally guaranteed payment of the note. The note and guaranty contracts provide that they shall be governed by Illinois law.

Certain payments were made on the note, the last of these being November 18, 1975. At that time the loan had a principal balance of $57,708.33. In 1976, the new president of Meridian discussed the loan with representatives of the bank and asked Meridian's accountant to send the bank a copy of Meridian's financial statement. On August 25, 1976 the accountant, who was also

a director of Meridian, sent the bank a letter with a copy of the corporation's financial statement enclosed. The financial statement listed the bank loan as a liability.

Meridian Properties, Inc. voluntarily suspended active operations in 1977. In January of 1978 the FDIC was appointed as receiver of The Drovers National Bank pursuant to 12 U.S.C. § 1821(c). During the same month, the FDIC, in its corporate capacity, acquired the note and became a holder in due course.

At no time from February 1, 1975 until the filing of this action did Meridian or any of the defendants make any statements to the bank or the FDIC indicating that they would or would not pay the loan, or that they did or did not dispute the amount owed. No express agreement was made to extend the maturity date of the loan.

## THE APPLICABLE STATUTE OF LIMITATIONS

The FDIC contends that the Illinois ten-year statute of limitations, Ill.Code Civ. Proc. § 13–206, applies to this action. It relies on a clause contained in each of the guaranty contracts which states that the contracts "shall be governed by the laws of the State of Illinois." The FDIC urges me to "uphold the parties' choice of law" by applying the Illinois statute of limitations. Defendants respond that the selection of Illinois law is invalid because the present parties to the note and the guaranty contracts have no substantial connection with that state. Defendants further assert that their contractual adoption of the Illinois statute of limitations is superseded by federal law.

These and similar arguments raised by the parties only obscure the basic question whether the choice of law clause even addresses the matter of statutes of limitation. I conclude that it does not.

 Contrary to the statements of counsel for the parties at oral argument, the application of statutes of limitation is generally treated as a procedural, and not a substantive, matter. Such statutes operate only upon the remedy, and not upon the substantive rights of a claimant. *See Stokke v. Southern Pacific Co.,* 169 F.2d 42, 43 (10th Cir.1948); *Henson v. Columbus Bank & Trust Co.,* 651 F.2d 320, 324–25 (5th Cir.1981); *Jackson v. Shuttleworth,* 42 Ill. App.2d 257, 192 N.E.2d 217, 218 (1963); Annot., 146 A.L.R. 1356. Because choice of law provisions in contracts are generally understood to incorporate only substantive law, it would be unreasonable to construe a general provision such as that contained in the guaranty contracts as incorporating a statutory limitations period. *See Rediscount Corp. of America v. Duke,* 34 A.D.2d 898, 311 N.Y.S.2d 226, 227 (N.Y.App.Div. 1970); *Dorff v. Taya,* 194 A.D. 278, 185 N.Y.S. 174, 176–77 (N.Y.App.Div.1920). This is not to say that parties to a contract cannot validly provide for a reasonable limitations period of their own choosing; it is simply to say that they have not done so here.

 As a general rule, the law of the forum governs the selection of statutes of limitation. *Smith v. Kent Oil Co.,* 128 Colo. 80, 261 P.2d 149, 150–51 (1953). Moreover, 12 U.S.C. § 1819 Fourth[1] declares that "[a]ll suits of a civil nature at common law or in equity to which the [FDIC] shall be a party shall be deemed to arise under the laws of the United States." This language expressly provides for the application of federal as opposed to state law. *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 455–56, 62 S.Ct. 676, 678–79, 86 L.Ed. 956 (1942); *Santoni v. FDIC,* 677 F.2d 174, 177–78 (1st

---

1. 12 U.S.C. § 1819 Fourth provides in part:
 § 1819. *Incorporation; powers; seal*
 Upon June 16, 1933 the [Federal Deposit Insurance] Corporation shall become a body corporate and as such shall have power—
 . . . .
 Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy . . . .

Cir.1982). The appropriate federal rule is supplied by 28 U.S.C. § 2415(a),[2] which establishes a six-year limitations period for "every action for money damages brought by the United States or any officer or agency thereof which is founded on any contract." The FDIC, acting in its corporate capacity, is an agency of the federal government. *FDIC v. Abraham,* 439 F.Supp. 1150, 1154 (E.D.La.1977). Section 2415(a) therefore applies to an action brought by the FDIC in its corporate capacity to enforce a claim for money damages, and this is true even when, as here, that claim was acquired by assignment. *FDIC v. Bird,* 516 F.Supp. 647, 650 (D.P.R.1981).

## EXPIRATION OF THE LIMITATIONS PERIOD

■ Under section 2415(a), a cause of action accrues upon a derivative claim asserted by the government or an agency thereof when the claim first becomes actionable, regardless of whether the government has acquired the claim at that time. *U.S. v. Cardinal,* 452 F.Supp. 542, 544–47 (D.Vt.1978). Clearly, a cause of action on the guaranty contracts accrued no later than June 2, 1976, the day after the note matured. Therefore unless the running of the limitations period was interrupted, the FDIC's claim was barred months before September 1, 1982, the date this suit was filed.

The FDIC asserts that Meridian acknowledged the debt on August 25, 1976 by sending the bank a financial statement listing

the loan as a liability, and that this acknowledgment restarted the running of the limitations period[3] as to the defendants. In addition, all the defendants were, for various brief periods of time, outside of the United States on vacation trips. The FDIC asserts that the statute of limitations was tolled during these periods under 28 U.S.C. § 2416(a).[4] If all of these contentions were correct, this suit would be timely.

■ However, one point suffices to dispose of this argument. Assuming, *arguendo,* that Meridian's transmittal of its financial statement to the bank constituted an acknowledgment of the debt, that acknowledgment could not affect the running of the statute of limitations as regards the defendants. This issue, involving as it does the construction of a federal statute, is a matter of federal law. The parties have not brought to my attention any federal court opinion on this subject. However, it appears to be the settled rule in other jurisdictions that, absent a statute or express contractual agreement to the contrary, an acknowledgment by a principal debtor cannot affect the running of the statute of limitations as to a guarantor, 54 C.J.S. *Limitation of Actions* § 317 (1948), and I take this to be the federal rule as well.

The FDIC contends that this general rule was modified by express agreement. It relies on language in the guaranty contracts permitting extension or renewal of the loan, and argues that Meridian's acknowledgment constituted a renewal or extension of

---

**2.** 28 U.S.C. § 2415(a) provides in part:

> § 2415. *Time for commencing actions brought by the United States*
>
> Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later; *Provided,* That in the event of later partial payment or written acknowledgment of debt, the right of

action shall be deemed to accrue again at the time of each such payment or acknowledgment . . . .

**3.** *See* 28 U.S.C. § 2415(a), *supra* note 2.

**4.** 28 U.S.C. § 2416(a) provides:

> 2416. *Time for commencing actions brought by the United States—Exclusions*
>
> For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which—
>
> (a) the defendant or the res is outside the United States, its territories and possessions, the District of Columbia, or the Commonwealth of Puerto Rico . . . .

the loan to which defendants gave advance consent. This is sophistry. "Extension or renewal" of a note refers to a binding agreement to postpone the maturity date of the note or to replace it with a new contract. *See Elk Horn Bank and Trust Co. v. Spraggins,* 182 Ark. 27, 30 S.W.2d 858, 859 (1930). Acknowledgment or part payment of a debt does not create such an agreement; it merely removes a bar to enforcement of the debt. *Wellington National Bank v. Thompson,* 9 Kan.App. 667, 59 P. 178, 178 (1899).

## CONCLUSION

For the foregoing reasons, the claim asserted by the FDIC is barred by the statute of limitations contained in 28 U.S.C. § 2415. There is no genuine issue as to any material fact and defendants are each entitled to a judgment as a matter of law. The Clerk shall enter judgment that this action be dismissed with prejudice; defendants shall recover their costs upon the filing of a bill of costs within ten days.