**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff-Appellant,**

v.

**James H. PETERSEN, Henry Heidtbrink, and Jerry R. Dunn, Defendants-Appellees.**

No. 83–2152.

United States Court of Appeals, Tenth Circuit.

Aug. 6, 1985.

7.  *Cf.* U.C.C. §§ 9–503, 9–504 (1981).

Robert A. Zupkus of White & Steele, P.C., Denver, Colo. (Christopher Lane, Ellen W. Reath and Craig R. Maginness of Sherman & Howard, Denver, Colo., on the briefs), for plaintiff-appellant.

David C. Aspinwall of Burg, Aspinwall & Petrucci, P.C., Denver, Colo., for defendants-appellees.

Before BARRETT, BREITENSTEIN and TIMBERS *, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an action by plaintiff-appellant, Federal Deposit Insurance Corporation (FDIC), against defendants-appellees Petersen, Heidtbrink, and Dunn to enforce guaranty contracts entered into by defendants. We have jurisdiction under 28 U.S.C. § 1345 and 12 U.S.C. § 1819, Fourth. The district court, 565 F.Supp. 1007, held that the FDIC's claims were barred by the federal statute of limitations, 28 U.S.C. § 2415(a). FDIC appeals. We affirm.

The case was submitted on a stipulation of facts. R. 60–65. On February 1, 1975, Meridian Properties, Inc. (Meridian) signed a note to Drovers National Bank of Chicago for $66,335.47, payable in installments with the balance of all unpaid principal and interest due June 1, 1976. R. 60. On the same day, Petersen, Heidtbrink, and Dunn, defendants-appellees, each signed a guaranty of Meridian's payment to the bank up to a maximum of $66,335.47 plus interest and expenses of enforcement. Id. The last payment on the note was on November 18, 1975, at which time the balance of principal due was $57,708.33. Id. On August 25, 1976, Richard Williams, Meridian's accountant, sent the bank a letter enclosing Meridian's financial statement listing Meridian's debt to the bank as a liability. Id. at 61. Neither the board of directors of the bank, nor the appellees, expressly authorized Williams to extend or acknowledge the debt. Meridian suspended active operations in 1977. R. 62. On January 19, 1978, FDIC was appointed receiver of the bank, purchased the note, and is now the holder in due course. R. 61. FDIC filed this suit on September 1, 1982, six years and three months after the note matured, to enforce the guaranties of Petersen, Heidtbrink, and Dunn. The district court held that, based on the stipulation of facts, the FDIC claims against the guarantors were barred by the six-year federal statute of limitations found in 28 U.S.C. § 2415(a). The FDIC appeals.

FDIC argues that the ten-year Illinois statute of limitations, Ill.Code Civ. Proc. § 13-206, applies because the guaranty contracts specifically provide that Illinois law is to govern them. The guaranties state that they "shall be governed by the law of the State of Illinois." R. 69–71. Statutes of limitation are generally considered to be procedural rather than substantive law. *Kalmich v. Bruno*, 7 Cir., 553 F.2d 549, 553, cert. denied 434 U.S. 940, 98 S.Ct. 432, 54 L.Ed.2d 300; *Bournias v. Atlantic Maritime Co.*, 2 Cir., 220 F.2d 152, 154–155. See *Stokke v. Southern Pacific Co.*, 10 Cir., 169 F.2d 42, 43. Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitation. *Des Brisay v. Goldfield Corp.*, 9 Cir., 637 F.2d 680, 682. See also *Alaska Airlines, Inc. v. Lockheed Aircraft Corp.*, D.Alaska, 430 F.Supp. 134, 139. The parties did not expressly state an intention to include the Illinois statute of limitations into the guaranties choice of law provisions. Absent an express statement of intent, a standard choice of law provision

* Honorable William H. Timbers of the United States Court of Appeals for the Second Circuit, sitting by designation.

such as this one will not be interpreted as covering a statute of limitations. *Des Brisay,* supra, 637 F.2d at 682.

FDIC brought this suit in its corporate capacity under 12 U.S.C. § 1819, Fourth, which provides that "[a]ll suits of a civil nature at common law or in equity to which the Corporation [FDIC] shall be a party shall be deemed to arise under the laws of the United States." Federal law applies to the case at bar. *D'oench, Duhme & Co. v. Federal Deposit Insurance Corporation,* 315 U.S. 447, 455–456, 62 S.Ct. 676, 678–679, 86 L.Ed. 956; *Santoni v. Federal Deposit Insurance Corporation,* 1 Cir., 677 F.2d 174, 177–178.

Section 2415(a), 28 U.S.C., provides for a six year statute of limitations for "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract...." FDIC is an agency of the United States when acting in its corporate capacity and § 2415(a) governs an action brought by FDIC to enforce an assigned claim for money. *Federal Deposit Insurance Corporation v. Bird, D.P.R.,* 516 F.Supp. 647, 649–650. The Supreme Court has said with regard to a claim assigned to the Federal Housing Authority and brought by it on behalf of the United States, that "[i]t is well settled that the United States is not bound by state statutes of limitation...." *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283.

■ FDIC does not dispute the trial court's finding that the cause of action accrued on June 2, 1976, approximately six years and three months before the time when FDIC filed suit on September 1, 1982. Appellant's Brief, p. 11. FDIC argues that the August 25, 1976, letter of Williams, Meridian's accountant and a member of its board of directors, to the bank recreated or started anew the obligation of the bank. R. 61, 90. Section 2415(a), 28 U.S.C., provides "that in the event of ... written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each ... acknowledgement." The

district court held that the acknowledgment of Williams did not bind the defendants who were guarantors. The question of whether an acknowledgment of a debt by a principal debtor will bind its guarantors appears to be an issue of first impression in federal courts. It is the general rule that an acknowledgment by a principal debtor will not affect the running of the statute of limitations as to a guarantor. 54 C.J.S., Limitation of Actions, § 318(b). We believe that the federal courts will follow this rule.

■ FDIC argues that the guaranties permitted the extension or renewal of the note and Meridian's acknowledgment of the debt constituted such a renewal to which the guarantors gave prior consent by signing the guaranties. The district court characterized the argument as "sophistry." R. 109. We agree. Extension or renewal of a note refers to a binding agreement supported by consideration to postpone the maturity date of a note or to replace it with a new contract. *Elk Horn Bank & Trust Co. v. Spraggins,* 182 Ark. 27, 30 S.W.2d 858, 859; *Wellington National Bank v. Thomson,* 9 Kan.App. 667, 59 P. 178. Acknowledgement or part payment of the debt does not constitute a new agreement. It only suspends the running of the statute of limitations against the party making such acknowledgment or partial payment. *Wellington,* supra, 59 P. at 178.

The parties stipulated that the defendants Dunn in 1979 and Heidtbrink in 1978 were out of the country for periods of ten and five days respectively. Peterson was outside the United States for five to seven days in each of the years 1980, 1981, and 1982. None of these trips were made with the intention of changing their domicile, citizenship, or residence but the trips were for vacations. R. 62. The cause of action accrued June 2, 1976, and the case was filed September 1, 1982. The action was then barred.

FDIC requests that if this court affirms the district court, the affirmance be without prejudice. We held in *Stokke v. Southern Pacific Co.,* 10 Cir., 169 F.2d 42, 43,

that a judgment dismissing an action on statute of limitations grounds is ordinarily not "res judicata which forecloses the maintaining of a subsequent action in another state where the right is not barred by local law." Stokke does not apply here. We have found that the action is barred by federal law, 28 U.S.C. § 2415(a). This determination is res judicata as to any subsequent suit FDIC might bring.

Affirmed.

TIMBERS, Circuit Judge, dissenting.

Since the federal six-year statute of limitations had not run when the FDIC commenced the instant action, I would reverse the order granting summary judgment in favor of appellees and remand the case to the district court for further proceedings according to law.

28 U.S.C. § 2415(a) (1982) in relevant part provides:

> "That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment".

The statute of limitations is not *tolled* by this section of the statute; rather, it starts the statutory period running anew and determines when the cause of action accrues. Section 2415(a) conforms to the common law of contracts, under which an acknowledgment of an existing debt constitutes an implied *new* promise to pay. *E.g., United States v. Glens Falls Insurance Co.*, 546 F.Supp. 643, 645 (N.D.N.Y.1982); Calimari & Perillo, Contracts § 5–7, at 187 (2d ed. 1977). The new promise is a *separate* binding obligation, even though it is supported by the "past consideration" of the earlier agreement. *Id.*

Thus, on August 25, 1976, when Meridian's accountant, who also was one of its directors, sent Drovers National Bank a financial statement unequivocally listing the note in question as a "liability", Meridian in effect entered into a totally new agreement to pay the amount specified. *Victory Inv. Corp. v. Muskogee Elec. Traction Co.*, 150 F.2d 889, 891 (10th Cir.1945) (Bratton, J.). Drovers' cause of action, subsequently acquired by the FDIC, accrued on August 25, 1976 and not on the date of the default, June 1, 1976.

The district court, however, concluded that "Assuming, *arguendo*, that Meridian's transmittal of its financial statement to the bank constituted an acknowledgment of the debt, that acknowledgment could not affect the running of the statute of limitations *as regards the defendants.*" *FDIC v. Petersen*, 565 F.Supp. 1007, 1010 (D.Col.1983) (emphasis added). In so holding, the court relied on the general rule that "an acknowledgment of a debt by a principal debtor cannot affect the running of the statute of limitations as to a guarantor." *Id.* The court cited 54 C.J.S. Limitations of Actions § 318(b) (1948 & Supp.1984), where this statement is found: "In the absence of a statute to the contrary or a provision in the contract of guaranty to that effect, a promise by a principal debtor will not revive the claim as to his surety or guarantor." *Id.* at 404.

The majority correctly states that "[t]he question of whether an acknowledgment of a debt by a principal debtor will bind its guarantors appears to be an issue of first impression in federal courts." Majority op. at 143. This being so, I think it is particularly unfortunate that the district court failed to consider or analyze a most critical factor in this case.

What the district court failed to consider,[1] and what represents in my view *the*

---

**1.** In an order entered July 12, 1983, denying appellant's motion to amend the findings of fact, conclusions of law and the judgment, the district court stated: "As grounds for its motion, [appellant] contends that I misconstrued the guaranty contracts by reading them as guaranteeing payment of only one particular note, rather than all debts of the principal debtor to

[appellant's] predecessor in interest. No such analysis is contained in my opinion or implicit in it." Nevertheless, I fail to see how the district court could have examined this issue in the proper analytical framework and still have arrived at the conclusion it did. The post-judgment order sheds no further light on this mys-

essential element in the proper analysis of this case, is that appellees had entered into a *continuing* guarantee and undertook to pay "all obligations of [Meridian] to the Bank, *howsoever created,* arising or evidenced, whether direct or indirect, absolute or contingent, or now or hereafter existing, or due or to become due...." (emphasis added). As the district court correctly held, the acknowledgment did *not* represent an "extension or renewal of the loan", as also provided for in the guarantee agreement. The acknowledgment, however, did constitute the undertaking of a *new* obligation to pay, one clearly encompassed by the broad language of the guarantee agreement. Appellees, as guarantors of all debts of Meridian to the Bank, "howsoever created", became secondarily liable on this new obligation, and the Bank's cause of action accrued, on August 25, 1976.[2]

This analysis is not inconsistent with the general rule relied upon by the district court. That rule, as articulated in the source cited by the district court, applies to the guarantee of a *single obligation,* as demonstrated by the cases that are cited by that source. *See Brock v. Western National Indemnity Co.,* 281 P.2d 571 (Cal. Dist.Ct.App.1955); *Easton v. Ash,* 116 P.2d 433 (Cal.1941); *Marinelli v. Lombardi,* 196 A. 702 (N.J.1938). In the instant case, the interaction of the statutory language, which provides that "the right of action shall be deemed to accrue again at the time of" the acknowledgment, and the provision of the continuing guaranty, which binds the guarantors to pay "all obligations ... howsoever created", compels the conclusion that these guarantors are bound by the principal's acknowledgment. While it is true that guarantors are protected by the requirement that contracts of guarantee be strictly construed in their favor, the language of the instant contract is so broad and all-encompassing as to permit of no other interpretation.

I would reverse the judgment of the district court and remand the case for further proceedings according to law. From the majority's refusal to do so, I respectfully dissent.

---

tery and simply states that no error was made in this regard.

**2.** While the limitations period otherwise would have expired on August 25, 1982, the parties have agreed that all three guarantors were out of the country for varying periods during the relevant period. Pursuant to 28 U.S.C. § 2416 (1982), the statute of limitations is tolled for these periods, regardless of the reason for the absence. *Cf. United States v. Myerson,* 368 F.2d 393 (2d Cir.1966), *cert. denied,* 386 U.S. 991 (1967) (interpreting similar tolling provision in actions brought under the tax code). Since there appears to be a dispute as to the precise periods for which the statute was tolled, I would include this issue for the district court on remand to make proper findings of fact.