Robert E. MURPHY,
Plaintiff–Appellant,

v.

KLEIN TOOLS, INC., previously known
as Mathias Klein & Sons, Inc.,
Defendant–Appellee.

No. 90–2195.

United States Court of Appeals,
Tenth Circuit.

June 7, 1991.

Submitted on the briefs: *

Robert L. Pottroff, of Myers, Pottroff & Ball, Manhattan, Kan., and David J. Stout, of Carpenter & Goldberg, P.A., Albuquerque, N.M., for plaintiff-appellant.

Robert J. O'Connor & David E. Bengtson, of Hershberger, Patterson, Jones & Roth, Wichita, Kan., and Robert E. Arroyo, of Keck, Mahin & Cate, Chicago, Ill., for defendant-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Robert E. Murphy appeals the district court's grant of summary judgment to defendant-appellee Klein Tools, Inc. and subsequent dismissal of plaintiff's action with prejudice. We affirm.

Plaintiff was injured in a fall from an electrical transmission tower near Farmington, New Mexico on August 14, 1980. Plaintiff claims his fall and resulting injuries were caused by a defective swivel hook designed and manufactured by defendant. Plaintiff is a resident of the State of Kansas and defendant is a Delaware corporation. Plaintiff filed his initial complaint against defendant, almost three years after the accident, on August 12, 1983, in the United States District Court for the District of Kansas. Upon motion of defendant, the action was dismissed for failure to comply with the two-year limitation period of Kan.Stat.Ann. § 60–513. The court also denied plaintiff's motions to transfer the action to the United States District Court for the District of New Mexico and to amend his complaint. Prior to entry of final judgment, plaintiff moved the court requesting judgment be entered without prejudice. The court denied this request and final judgment of dismissal was entered *with prejudice* on September 5, 1989. Plaintiff failed to appeal any of these decisions.

On February 20, 1989, prior to entry of judgment in Kansas, plaintiff filed an identical complaint in New Mexico state court

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument and plaintiff-appellant's request for oral argument is denied.

which he amended on April 24, 1989. Neither the complaint nor the amended complaint was ever served on defendant. Although the record lacks any formal dismissal of this state action, plaintiff filed a second state action on September 1, 1989, which was ultimately served on defendant. Defendant removed this action to the United States District Court for the District of New Mexico based on diversity of citizenship and amount in controversy. Defendant then moved for dismissal or in the alternative for summary judgment, based on statute of limitations and res judicata. The district court granted summary judgment, finding plaintiff's action to be barred by the doctrine of res judicata. It is this decision that is before this court on appeal.

We review a grant of summary judgment de novo, applying the same legal standards used by the district court. Fed.R.Civ.P. 56(c). We resolve all factual disputes and draw all inferences in favor of the nonmoving party. *Reazin v. Blue Cross & Blue Shield,* 899 F.2d 951, 979 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990); *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir. 1990).

The district court, relying heavily and exclusively on *Shoup v. Bell & Howell Co.,* 872 F.2d 1178 (4th Cir.1989), concluded that plaintiff's action was barred because the Kansas court's dismissal on statute of limitations grounds was an adjudication on the merits. In *Shoup,* the Fourth Circuit held that a dismissal on statute of limitations grounds by one federal court bars the same claim from litigation in another federal court, stating that "pursuant to Fed.R. Civ.P. 41(b) [1] the earlier statute of limitations ruling is a judgment on the merits

subject to claim preclusion." *Id.* at 1178. We agree that when the preclusive effects of federal court dismissal decisions are at issue, Rule 41(b) must be considered. *See Sack v. Low,* 478 F.2d 360, 364 (2d Cir. 1973). *Bertha Bldg. Corp. v. National Theatres Corp.,* 248 F.2d 833, 835 (2d Cir. 1957), *cert. denied,* 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958).

Plaintiff argues that our determination in *Stokke v. Southern Pacific Co.,* 169 F.2d 42 (10th Cir.1948), should control. In *Stokke,* we held that a dismissal on statute of limitations grounds bars only "the legal remedy for the enforcement of the right of action" in the dismissing forum, and is not res judicata as to an action in another forum. *Id.* at 43. As Professor Moore has noted, however, our determination in *Stokke* relied upon principles (and authority) predating the adoption of the Federal Rules of Civil Procedure and did not reference Rule 41(b). 1B J. Moore, J. Lucas & T. Currier, ¶ 0.409[6] at 339–40 (1991). We hold that *Stokke* is no longer controlling on this point. [2] We now decide the issue according to Rule 41(b).

"[T]he scope of a federal judgment is governed by Rule 41(b), Fed.R.Civ.P. ... and ... the Federal Rule supplies the controlling principle...." *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 832 (6th Cir.1978). This court's decision in *DeVargas v. Montoya,* 796 F.2d 1245 (10th Cir.1986), applying New Mexico law, determined that a dismissal with prejudice by the state court constituted an adjudication on the merits for the purpose of claim preclusion in a later federal court action. *Id.* at 1249. We therefore agree with the Sixth Circuit and other circuits in holding that a dismissal on

---

1. Fed.R.Civ.P. 41(b) provides in part:
   Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

2. We are authorized to state that, in light of Fed.R.Civ.P. 41(b) and modern federal authority, the en banc court approves of overruling the following statement:

It is the general rule that a judgment dismissing an action on the ground that it is barred by limitations merely determines that the legal remedy for the enforcement of the right of action is barred in that forum; that it does not extinguish the right; and that it therefore does not constitute res judicata which forecloses the maintaining of a subsequent action in another state where the right is not barred by local law.
*Stokke,* 169 F.2d at 43.

limitations grounds is a judgment on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.,* 870 F.2d 1044, 1046 (5th Cir.1989) (res judicata effect shall be given to judgments which are dismissed on statute of limitations grounds); *Rose v. Town of Harwich,* 778 F.2d 77, 80 (1st Cir.1985) (limitations-based dismissal is one with claim preclusive effect), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986); *Johnson v. Burnley,* 887 F.2d 471, 474 (4th Cir.1989) (dismissal on statute of limitations grounds operates as res judicata); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.) (dismissal on statute of limitations grounds is adjudication on the merits unless it is specifically stated to be without prejudice), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).

Plaintiff further argues that his New Mexico case is saved by New Mexico's savings statute, N.M.Stat.Ann. § 37–1–14,[3] and cites this court's decision in *Prince v. Leesona Corp.,* 720 F.2d 1166 (10th Cir. 1983) in support. We conclude that the holding in *Prince,* that state savings statutes are applicable to actions originally filed in sister states, is inapposite in this case. *See id.* at 1169. The facts in *Prince* are distinguishable. In *Prince,* plaintiff's action was *timely* filed in the original forum and dismissed on grounds other than statute of limitations. *Id.* at 1167.

The Supreme Court stated, in discussing savings statutes in general, "[s]uch a statute specifically gives to a plaintiff whose *timely action* is dismissed for procedural reasons such as improper venue a specified time in which to bring a second action." *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 432, 85 S.Ct. 1050, 1056, 13 L.Ed.2d 941 (1965) (emphasis added). As we have determined that plaintiff's claim is barred on res judicata grounds, he cannot invoke the savings statute to claim continuation of an action which never existed. *See DeVargas v. Montoya,* 796 F.2d at 1250.

We have reviewed *Bracken v. Yates Petroleum Corp.,* 760 P.2d 155 (N.M.1988), cited by plaintiff to support his contention that the statute of limitations in New Mexico was tolled by the filing of his Kansas action, and find, as did the district court, that we have no need to reach the issue of the New Mexico statute of limitations due to our holding that plaintiff's action is barred by res judicata. We have reviewed plaintiff's other arguments and find them also meritless.

The district court of Kansas dismissed plaintiff's claim, specifying that the dismissal judgment was *with prejudice.* We do not decide whether this decision was correct. However, we must assume that plaintiff had no quarrel with the decision as he elected not to appeal. "[A]n erroneous judgment fairly and regularly entered by a court of competent jurisdiction is nevertheless an effective bar under the doctrine of res judicata to a subsequent action between the same parties on the same cause of action." *Stokke,* 169 F.2d at 43. When plaintiff took no appeal, the Kansas judgment became final. We conclude the judgment was on the merits and thus res judicata as to subsequent actions. Plaintiff cannot forum shop in an effort to remedy his unexplained delay.

Defendant's request for sanctions pursuant to Fed.R.App.P. 38 is DENIED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

---

**3.** N.M. Stat.Ann. § 37–1–14 provides:
> If after the commencement of an action, the plaintiff fails therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated be deemed a continuation of the first.