# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 20, 2012          Decided January 25, 2013

No. 11-7121

A. HUDA FAROUKI,
APPELLEE

v.

PETRA INTERNATIONAL BANKING CORPORATION, ET AL.,
APPELLANTS

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-02137)

———

*John R. Fornaciari* argued the cause for appellants.   With him on the briefs was *Robert M. Disch.*

*Grayson D. Stratton* argued the cause for appellee.   With him on the brief were *Robert J. Mathias* and *David Clarke, Jr.*

Before: ROGERS and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:   In 1986, A. Huda Farouki personally guaranteed a loan made by Petra International Banking Corporation to American Export Group International

Services, or AEGIS.   But all was not well with AEGIS, which filed for bankruptcy in 1987.   Although AEGIS's bankruptcy triggered Petra's right to sue Farouki under the terms of the Guaranty Agreement, Petra did not do so.   Indeed, Petra continued administering loans to AEGIS for the next decade.

In late 2008, Farouki sued Petra in the United States District Court for the District of Columbia, seeking a declaratory judgment that he did not have any obligations under the Guaranty Agreement.   Petra counter-sued in early 2009, seeking to enforce the Guaranty Agreement.   The District Court dismissed Petra's claim, concluding that it was time-barred under the relevant D.C. statute of limitations, and granted Farouki summary judgment.   Petra now appeals.

We agree with the District Court that Petra's claim is time-barred.   Much of the briefing is devoted to whether the Guaranty Agreement is under seal.   If so, under D.C. law a 12-year statute of limitations would apply.   If not, a three-year statute of limitations typically used in contract disputes would apply.   *See* D.C. Code § 12-301(6)-(7).   But we need not decide that question because Petra's claim is time-barred even assuming that the 12-year statute of limitations applies.   The limitations period began in 1987, when AEGIS declared bankruptcy and Farouki was obligated to pay Petra under the Guaranty Agreement, and the limitations period expired in 1999.   But Petra did not sue Farouki to enforce the Guaranty Agreement until 2009, which was far too late.

To try to surmount the 12-year limitations bar, Petra argues that its efforts, through 1997, to collect on the original loan, tolls the limitations period until after it filed its counterclaim in 2009.   But under *United States v. Rollinson*, the due date of a loan may be postponed through "a binding agreement supported by consideration" between the principal

debtor and creditor. 866 F.2d 1463, 1470 (D.C. Cir. 1989) (quoting *FDIC v. Petersen*, 770 F.2d 141, 143 (10th Cir. 1985)). *Rollinson* simply does not speak to any effect that ongoing collection efforts might have on the statute of limitations. Collection efforts through 1997 are irrelevant to the limitations question under *Rollinson* and, indeed, under the terms of the Guaranty Agreement itself: As the District Court correctly concluded, the Guaranty Agreement did not require exhaustion of collection efforts as a pre-condition to accrual of a cause of action.

Petra separately contends that the District Court entered summary judgment sua sponte in favor of Farouki improperly because it afforded Petra neither notice nor opportunity to respond, as required by Federal Rule of Civil Procedure 56(f)(3). We have previously held that erroneous entries of summary judgment may be harmless under Rule 56 where "a nonmoving party could not have produced any evidence sufficient to create a substantial question of fact material to the governing issues of the case." *Colbert v. Potter*, 471 F.3d 158, 168 (D.C. Cir. 2006) (internal quotation marks and citation omitted). We cannot conclude that was the case here. The question, under *Rollinson*, was whether the parties modified their contract such that a new accrual date fell within 12 years of Petra filing its counterclaim. At the time the District Court made its decision, it did not know whether Petra could have met the standard announced in *Colbert*. And while nothing in the record or a proffer on appeal indicates that the modification, if it occurred, occurred at a time where the accrual date would fall within the limitations period, notice and opportunity to respond might have produced evidence of consequence bearing on the factual issue at hand. Petra should have the opportunity to produce such evidence.

4

\* \* \*

We vacate the District Court's grant of summary judgment and remand for further proceedings.

*So ordered.*